IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, *et al.*,<br><br>      **Plaintiffs,**<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*,<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>) Civil Action No.<br>) 1:06-cv-01268-HHK<br>)<br>)<br>)<br>)<br>)<br>) |

**UNOPPOSED MOTION TO INTERVENE AS PLAINTIFFS**

  The Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow (collectively, "Tribe"), through counsel, move to intervene as-of-right as plaintiffs in the above-captioned action pursuant to Fed. R. Civ. P. 24(a)(2) on the grounds that they have an interest relating to the transaction which is the subject of this action and are so situated that the disposition of this action may as a practical matter impair or impede their ability to protect that interest. Moreover, the Tribe's interests are not adequately represented by existing plaintiffs.

  In the alternative, Tribe moves for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2) on the grounds that it wishes to assert claims in common with those presented by the current plaintiffs and that its intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Attached to this motion is the Tribe's proposed complaint, which sets forth the claims it wishes to assert.

  Counsel for the Tribe have discussed this motion with opposing counsel, as required by LCvR 7(m). We are authorized to state that plaintiffs consent to the granting of this motion and that defendants will not oppose the motion. The grounds for this Motion are more fully set forth in the Tribe's Memorandum of Points and Authorities in Support of the Unopposed Motion to

1

Intervene as Plaintiffs, which is filed herewith.

        Respectfully submitted,

        /s/ Hope M. Babcock
        Hope M. Babcock, Senior Attorney (Fed/DC 14639)
        Emma Garrison, Staff Attorney/Graduate Fellow
        Institute for Public Representation
        Georgetown University Law Center
        600 New Jersey Avenue, NW
        Washington, D.C.  20001
        (202) 662-9535
        (202) 662-9634 (Facsimile)

        *Counsel for the Mattaponi Indian Tribe*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, *et al.*, )<br>)<br>**Plaintiffs,** )<br>)<br>)<br>v. )<br>)<br>UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*, )<br>)<br>**Defendants.** )<br>) | **Civil Action No.<br>1:06cv01268-HHK** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNOPPOSED MOTION TO INTERVENE AS PLAINTIFFS**

The Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow (collectively, "Tribe"), through counsel, move to intervene as plaintiffs in the above-captioned action, brought by the Alliance to Save the Mattaponi, the Chesapeake Bay Foundation and the Sierra Club, Virginia Chapter, (collectively, "environmental plaintiffs") against the United States Army Corps of Engineers ("the Corps"), Secretary of the Army Francis J. Harvey, Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers Carl A. Strock, and Brigadier General William T. Grisoli, (collectively, "defendants") challenging the Army Corps of Engineers' issuance of a permit under Section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, to Intervenor-Defendant City of Newport News ("City") to construct a large-scale reservoir in King William County, Virginia ("King William Reservoir" or "KWR").

The Tribe has challenged this project before Virginia state courts and state agencies for a decade and has stated its intent to challenge the CWA permit at issue here in a 60-day notice letter, dated April 20, 2006. Now, the Tribe seeks to intervene as-of-right, or, alternatively, by

1

permission in the above-captioned action. Fed. R. Civ. P. 24. The Tribe has provided its proposed complaint, which sets forth the claims it wishes to assert.[1]

Counsel for the Tribe have discussed its motion to intervene with counsel for all parties in this matter as required by LCvR 7(m). The environmental plaintiffs have each authorized the Tribe to state that they consent to the Tribe's motion, and defendants and defendant-intervenor have each authorized the Tribe to state that they do not oppose the Tribe's motion.

## STATEMENT OF THE CASE

The environmental plaintiffs' suit challenges a CWA Section 404 permit issued by the Army Corps of Engineers, Permit 93-0902-12, authorizing Intervenor-Defendant City of Newport News to construct the proposed King William Reservoir. The Tribe's reservation lies on the banks of the Mattaponi River, about three miles downstream from the reservoir's intake structure, which will withdraw up to 75 million gallons of water per day from the river.

The Mattaponi River and its population of American shad are central to the Tribe's culture and heritage. The Tribe relies on the shad for food, jobs, and income, as well as cultural continuity. The Tribe operates a shad hatchery, which serves as the primary source of income and jobs on the reservation. The KWR's intake structure will be located in the Tribe's most important fishing grounds. Furthermore, the withdrawals from the Mattaponi River pose a threat to vital spawning grounds for the American shad as its intake pipes are likely to trap shad larvae and remove the shad's major food sources. Additionally, operation of the KWR is likely to

---

[1] The Tribe's complaint names the United States Environmental Protection Agency ("EPA") and EPA Administrator Stephen L. Johnson as defendants, in addition to the defendants named by the environmental plaintiffs.

2

increase salinity levels, which are particularly harmful to the American shad, a species of anadromous fish sensitive to water salinity changes.[2]

Additionally, the KWR will encroach upon and flood hundreds of acres of the Tribe's ancestral lands and damage or destroy many archeological sites of cultural significance to the Tribe. Archeological surveys in the proposed impoundment and mitigation areas revealed more than 250 sites containing Native American artifacts, including 72 locations eligible for the National Register of Historic Places.[3]

The environmental plaintiffs claim that the issuance of Permit 93-0902-12 to the City of Newport News violates substantive and procedural provisions of the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*, the National Environmental Policy Act, 42 U.S.C. §§ 4321, *et seq.*, and the Chesapeake 2000 Agreement. *Alliance to Save the Mattaponi, et al v. United States Army Corps of Engineers*, Environmental Plaintiffs' Complaint at ¶ 1.

As the KWR threatens to harm the Tribe's cultural and economic interests by irreparably diminishing the Mattaponi River's shad population and intruding onto culturally significant sites, the Tribe asks the Court to grant its motion to intervene as plaintiffs as-of-right, or, alternatively, by permission of the Court, so that it may protect these interests. The Mattaponi Indian Tribe is formally recognized by the Commonwealth of Virginia, and brings this action on its own behalf and as *parens patriae* on behalf of its individual members. The Tribal Council has authorized Chief Carl T. Lone Eagle Custalow to file this motion to intervene on behalf of the Tribe.

---

[2] *E.g.*, Army Corps of Engineers, Final Recommended Record of Decision Memorandum for Permit Application Number 93-0902-12 (Norfolk District) by the City of Newport News, Virginia, for the King William Reservoir Project at 117, 235, 316, 335 (July 2, 2001) ("RROD").
[3] RROD at 187.

**ARGUMENT**

The Tribe should be permitted to intervene in this action as-of-right because it satisfies all four conditions under Federal Rule of Civil Procedure 24(a)(2): 1) the Tribe's application to intervene was made in a timely manner; 2) it has an interest in the property or transaction that is the subject of the action; 3) disposition of the action may practically impair or impede its ability to protect that interest; and 4) the Tribe's interest is not adequately represented by the environmental plaintiffs. Fed. R. Civ. P. 24; *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). Alternatively, the Tribe should be granted permissive intervention pursuant to Rule 24(b) because the Tribe's application is timely and the Tribe's claims have questions of law and fact in common with the main action. Fed. R. Civ. P. 24(b).

**A. Standing**

Before evaluating the requirements of Rule 24, the Court must address the Tribe's standing under Article III. *Fund for Animals*, 322 F.3d at 732-33. The Tribe has Article III standing to intervene because it has shown a "substantial probability" that it will: 1) suffer an "injury in fact"; 2) that is fairly traceable to defendants' challenged actions; and 3) that will likely be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Sierra Club v. E.P.A.*, 292 F.3d 895, 898 (D.C. Cir. 2002) (plaintiff "need not prove the merits of its case"; it must only demonstrate a "substantial probability" that injury will occur).

Injury-in-fact for standing purposes does not depend on the probability of harm to the Mattaponi River or land within the footprint of the KWR project but, rather, to the subjective reasonableness of the Tribe's fear of injury. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 181, 184 (2000). The Tribe's fear of harm to its cultural and

4

spiritual wellbeing, resulting from the flooding and destruction of ancestral lands containing culturally significant archeological sites, is subjectively reasonable.[4]  Additionally, it is reasonable for the Tribe to fear harm to its cultural and economic interests as a result of the KWR project's destruction of the Mattaponi River's American shad population, which is sensitive to changes in salinity and could be physically damaged by the reservoir's intake structure.[5]  Thus, because the Tribe's fear of injury resulting from the KWR project is plainly subjectively reasonable, the Tribe has alleged a legally cognizable injury-in-fact.

The Tribe also satisfies the traceability and redressability prongs of Article III standing. The Tribe's injury is traceable to the Corps' issuance of Permit 93-0902-12 under Section 404 of the Clean Water Act because the legally mandated permit is a condition precedent to the construction and operation of the KWR project.  33 U.S.C. § 1344; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (the plaintiff's alleged injury must be traceable to the defendant's challenged action).  Thus, absent the Corps' decision to issue the disputed permit, the Tribe would not be injured by the KWR.  Finally, the Tribe's injury is redressable because it is "likely," and not merely "speculative," that a favorable decision in this case will prevent the alleged harm from occurring.  *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976).  If the Court revokes the permit, the KWR project cannot damage the Mattaponi River's American shad population or flood the Tribe's ancestral lands.

Thus, because the Tribe has met all three elements, the Tribe has Article III standing to intervene in this case.

---

[4] *E.g.*, RROD at 217, 237.
[5] *E.g.*, RROD at 117, 235, 316, 335.

### B. Mattaponi Indian Tribe Is Entitled to Intervene As-of-Right.

The Tribe meets the four elements for intervention as-of-right required under Rule 24(a)(2). Fed. R. Civ. P. 24(a)(2); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). First, the Tribe's motion to intervene is timely because the environmental plaintiff's complaint was filed fewer than four months ago, on July 17, 2006, and briefing and arguing schedules have not yet been set. *NAACP v. New York*, 413 U.S. 345, 365-66 (1973) ("Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances."). Thus, intervention at this early, non-critical point in the litigation complies with Rule 24(a). *Compare Fund for Animals*, 322 F.3d at 735 (holding that intervention two months after the initial complaint was filed and at a non-critical juncture in the litigation was timely), *with NAACP*, 413 U.S. at 367 (holding that intervention at a "critical stage" in the litigation was untimely). Additionally, there will be no prejudice to other parties in this matter. Indeed, all parties have either consented to or agreed not to oppose the Tribe's motion to intervene as a plaintiff.

Second, the Tribe's ability to meet the requirements of Article III standing is sufficient to prove that the Tribe has an interest in the Corps' issuance of Section 404 Permit 93-0902-12, the transaction which is the subject of this action. *Fund for Animals*, 322 F.3d at 735 ("Our conclusion that the [plaintiff] has constitutional standing is alone sufficient to establish that the [plaintiff] has 'an interest relating to the property or transaction which is the subject of the action.'" (quoting Fed. R. Civ. P. 24(a)(2))). The issuance of the permit creates a substantial probability of injury to the Tribe's cultural resources and the American shad population upon which the Tribe relies for cultural continuity and economic survival. The Tribe has demonstrated its interest in this litigation by challenging this reservoir project for ten years and

6

participating in the Corps' permit proceeding, during which time the Tribe filed numerous comment letters.[6]

Third, disposition of this action may practically impair or impede the Tribe's ability to protect its interests, as the Tribe's long-standing cultural practices, ancient archeological sites, and modern shad hatchery will be harmed by issuance of Permit 93-0902-12 authorizing construction and operation of the KWR. Thus, a determination upholding the permit would impair the Tribe's abilities to protect these interests. It is immaterial that the Tribe can alternatively seek to protect its interests through concurrent state litigation or subsequent federal litigation. *Fund for Animals*, 322 F.3d at 735 (noting that the potential to protect threatened interests through separate litigation does not affect an intervenor's assertion that the litigation at hand may impair or impede its ability to protect its interests).

Finally, the Tribe meets its "minimal" burden to show that its interests may not be adequately represented by the existing parties. *Fund for Animals*, 322 F.3d at 735 ("The Supreme Court has held that [the 'interest'] requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972))). In its complaint, the Tribe makes clear that it seeks to protect its cultural, spiritual, and economic interests. Nowhere it its complaint does the Tribe mention protection of wetlands, the central concern of the environmental plaintiffs, as alleged in their complaint. *E.g.* Environmental Plaintiffs' Complaint at ¶ 1. Environmental plaintiffs do note that the KWR project will "infringe upon sites that are vital to the culture and history and Native American tribes in the area" and harm the American shad. *Id.* at ¶ 3, 4. However, no party other than the Tribe can adequately represent the Tribe's interests in preserving its own culture, traditions, and

---

[6] *E.g.*, RROD at 5, 68, 178.

7

spiritual wellbeing. That is, cultural and spiritual interests are central to the Tribe's objections to the KWR project, but are merely tangential to the concerns of environmental plaintiffs.

Further, the Tribe has an important interest in this litigation that the environmental plaintiffs have not attempted to represent. Though environmental plaintiffs mention the KWR's impact on the shad, *id.* at ¶ 4, they do not seek to protect the economic interests of the Tribe. The Tribe's economic interests are integrally interwoven with its shad hatchery, the Tribe's primary source of jobs and income. *See generally* Environmental Plaintiffs' Complaint. Thus, because environmental plaintiffs cannot adequately protect the cultural and spiritual interests of the Tribe and do not attempt to protect the economic interests of the Tribe, the Tribe meets its "minimal" burden to prove that existing parties cannot adequately represent the Tribe's interests in this litigation.

Therefore, the Tribe is entitled to intervene as-of-right because it meets all four elements of Rule 24(a)(2).

### C. In the Alternative, the Mattaponi Indian Tribe Satisfies the Requirements for Permissive Intervention.

Alternatively, the Mattaponi Indian Tribe should be permitted to intervene under Rule 24(b) because the Tribe's application is timely and the Tribe's claims have questions of law and fact in common with the main action. Fed. R. Civ. P. 24(b). The timeliness of the Tribe's motion to intervene is shown above. Additionally, both the Tribe and environmental plaintiffs' claims rely upon the same law and facts. For example, both parties assert that the Corps' issuance of Permit 93-0902-12 violates Section 404, CWA § 404, 33 U.S.C. § 1344, and its implementing regulations as well as the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332. Environmental Plaintiffs' Complaint at ¶ 1; Mattaponi Indian Tribe's Complaint at ¶ 1.

8

Both the Tribe's and the environmental plaintiffs' claims also involve review of the same agency record, compiled by the Corps in the process of issuing the disputed permit.

Thus, because the Tribe meets both requirements under Rule 24(b), the Tribe should be granted permissive intervention in this proceeding.

## CONCLUSION

For the foregoing reasons, the Mattaponi Indian Tribe's motion to intervene as plaintiffs as-of-right in this action should be granted. In the alternative, the Tribe should be granted permissive intervention as plaintiffs in this proceeding.

Respectfully Submitted,

/s/ Hope M. Babcock
Hope M. Babcock, Senior Attorney (Fed/DC 14639)
Emma E. Garrison, Staff Attorney
Institute for Public Representation
600 New Jersey Avenue, NW
Washington, D.C. 20001
(202) 662-9535
(202) 662-9634 (Facsimile)

*Counsel for the Mattaponi Indian Tribe*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 8, 2006, true copies of the foregoing Unopposed Motion to Intervene as Plaintiffs, Memorandum of Points and Authorities in Support of Unopposed Motion to Intervene as Plaintiffs, Proposed Order, and Complaint were sent, first class mail, postage prepaid, to the following:

    The Hon. Stephen L. Johnson
    Acting Administrator
    Environmental Protection Agency
    Ariel Rios Building
    1200 Pennsylvania Avenue, N.W.
    Washington, D.C.  20460

    Attorney General Alberto Gonzalez
    U.S. Department of Justice
    950 Pennsylvania Avenue, N.W.
    Washington, D.C.  20530-0001

      I hereby certify that on November 8, 2006, electronic copies of the foregoing Unopposed Motion to Intervene as Plaintiffs, Memorandum of Points and Authorities in Support of Unopposed Motion to Intervene as Plaintiffs, Proposed Order, and Complaint were submitted to the following counsel via the Court's electronic mail account at dcd_cmecf@dcd.uscourts.gov:

    Deborah M. Murray, Esquire
    Senior Attorney
    Southern Environmental Law Center
    201 West Main Street, Suite 14
    Charlottesville, VA  22902

        *Counsel for Plaintiffs Alliance to Save the Mattaponi, Chesapeake Bay Foundation, Inc., and Sierra Club, Virginia Chapter*

    Jon A. Mueller, Esquire
    Director of Litigation
    The Chesapeake Bay Foundation, Inc.
    6 Herndon Ave.
    Annapolis, MD  21403

        *Co-Counsel for Plaintiff Chesapeake Bay Foundation, Inc.*

    Angeline Purdy, Esquire
    U.S. Department of Justice
    PO Box 23986

Washington, DC 20026
Pat M. Falcigno, Esquire
Office of Counsel
North Atlantic Division
U.S. Army Corps of Engineers
Fort Hamilton
302 General Lee Avenue
Brooklyn, New York  11252-6700

  *Counsel for Defendants U.S. Army Corps of Engineers, et al.*


Stuart F. Pierson
Charles A. Zdebski
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C.  20004-2134

James E. Ryan, Jr.
George A. Somerville
Lynne F. Rhode
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia  23218-1122

M. Scott Hart
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA  23462

Stuart E. Katz, City Attorney
Allen L. Jackson, Chief Deputy City Attorney
City of Newport News
2400 Washington Street
Newport News, Virginia  23607

  *Counsel for defendant city of Newport News, Virginia*


        /s/ Emma E. Garrison_____
        Emma E. Garrison, Esq.