IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 1:06-cv-01268-HHK |
| ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

ANSWER OF THE INTERVENING DEFENDANT
CITY OF NEWPORT NEWS, VIRGINIA
TO COMPLAINT IN INTERVENTION OF INTERVENING PLAINTIFFS
MATTAPONI INDIAN TRIBE, *ET AL.*

The City of Newport News, intervening defendant, answers the allegations of the Complaint in Intervention of intervening plaintiffs Mattaponi Indian Tribe and Carl T. Lone Eagle Custalow, Chief (collectively, the Tribe), as follows:

1. Paragraph 1 merely describes the nature of the action and as such it requires no response.

2. Newport News admits the allegations contained in the first sentence of ¶ 2. Newport News admits that the King William Reservoir (KWR) will withdraw water from the Mattaponi River, which borders the Tribe's reservation, at a point approximately five river miles upstream of the Tribe's reservation. Newport News denies the remaining allegations of ¶ 2.

3. Newport News denies the allegations of ¶ 3.

4. Newport News admits that the Tribe notified the federal defendants of its intent to file suit against them in a "60-day notice letter" dated April 20, 2006, and that

Newport News received a copy of that letter. The remainder of ¶ 4 sets forth contentions of law and requires no answer. Newport News admits, however, that this Court has jurisdiction of this action.

5. Paragraph 5 sets forth contentions of law and requires no answer. Newport News admits, however, that venue is proper in this Court.

6. Newport News admits the allegations of ¶ 6, insofar as they describe the Tribe and its contentions, except that Newport News denies that the Tribe has maintained those contentions throughout the federal and state permitting proceedings. To the best of Newport News' knowledge and belief, formed after reasonable inquiry, the Tribe's first statement of opposition to the project occurred in July 1996, after the federal and state permitting proceedings were well under way. Newport News denies that the Tribe's contentions are accurate.

7. Newport News admits the allegations of ¶ 7.

8. Newport News admits, on information and belief, that plaintiff-intervenor Chief Carl T. Lone Eagle Custalow is the Tribe's chief. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 8.

9. Newport News denies the allegations of ¶ 9.

10. Newport News admits that Corps Permit 93-0902-12 authorizes the construction and operation of the reservoir. Newport News denies the remaining allegations of ¶ 10.

11. Newport News admits that the KWR cannot be constructed without the Corps permit at issue in this action. Newport News denies that issuance of the permit has caused or will cause the Tribe any injury that would be redressed by revocation of the permit.

12. Newport News admits the allegations of ¶ 12.

13. Newport News admits the allegations of ¶ 13.

14. Paragraph 14 states conclusions of law and requires no answer.

15. Newport News admits that the Corps' headquarters are in Washington, D.C., and that it has a District Office in Norfolk, Virginia, and a Division Office, the North Atlantic Division, in Brooklyn, New York. Newport News admits that the North Atlantic Division rejected the Norfolk District's recommended decision on September 30, 2002. Newport News denies that the Norfolk District's recommended decision was "overturned," because it was merely a recommendation from a subordinate to a superior officer and not an operative instrument of any kind.

16. Newport News admits that defendant Secretary Francis J. Harvey is the Secretary of the Army and that the Department of the Army's headquarters is located in Washington, D.C. The remaining allegations of ¶ 16 either set forth contentions of law or describe the nature of this action and require no answer.

17. Newport News admits that defendant Lieutenant General Carl A. Strock is the Chief of Engineers and Commanding General of the Corps and that the Office of the Chief of Engineers is located at the Corps' headquarters in Washington, D.C. The remaining allegations of ¶ 17 either set forth contentions of law or describe the nature of this action and require no answer.

18. Newport News admits that defendant Brigadier General William T. Grisoli is the Commander and Division Engineer of the U.S. Army Corps of Engineers, North Atlantic Division; that he supervises and manages all decisions and actions of the North Atlantic Division; that he signed Permit 93-0902-12, which is the subject of this lawsuit; and that he

is the official successor to Brigadier General Merdith W. B. Temple, who held this position at the time of the decision to approve the permit on July 29, 2005. Newport News does not know what the Tribe means by stating that General Temple approved the permit "provisionally" and therefore it denies that allegation. The remaining allegations of ¶ 18 describe the nature of this action and require no answer.

19. Newport News admits the allegations of the first sentence of ¶ 19. Newport News admits that the permit decision was elevated to the North Atlantic Division Commander, as a result of Governor Gilmore's objection, pursuant to 33 C.F.R. § 325.8(b)(2). Newport News denies that the Norfolk District made a decision to deny the permit. After the permit decision was elevated to the Division Commander as a result of Governor Gilmore's objection, the Norfolk District Engineer had no authority to make a decision whether to grant or to deny Newport News' permit application. The District Engineer had authority only to make a recommendation, and he recommended to the North Atlantic Division Commander that the permit be denied. Any remaining allegations of ¶ 19 are denied.

20. Newport News admits that defendant Environmental Protection Agency (EPA) is a United States agency and that its headquarters are in Washington, D.C. The remainder of ¶ 20 sets forth contentions of law and requires no answer. Newport News denies, however, that the EPA has any supervisory authority over the Corps' administration of, and compliance with, Section 404 of the CWA, including EPA's regulations implementing Section 404(b)(1) of the CWA.

21. Newport News admits that defendant Stephen L. Johnson is the Administrator of the EPA and that EPA's headquarters are in Washington, D.C. The remaining allegations

4

of ¶ 21 either set forth contentions of law or describe the nature of this action and require no answer. Newport News denies, however, that Administrator Johnson is charged with overseeing the Corps' administration of, and compliance with, the CWA, including EPA's regulations implementing Section 404(b)(1) of the CWA.

22. Newport News admits the allegations of ¶ 22.

23. Newport News admits the allegations of ¶ 23.

24. Newport News admits the allegations of ¶ 24.

25. Newport News admits the allegations of ¶ 25.

26. Newport News admits that the Mattaponi Indian Tribe is one of eight state-recognized American Indian tribes living in Virginia. Newport News admits that the predecessors of some of those eight tribes were once ruled by the Chief known to the English as Powhatan, who was the father of Pocahontas. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 26.

27. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 27.

28. Newport News admits that the Tribe's reservation lies on the banks of the Mattaponi River below the proposed intake structure for the KWR. Newport News denies that the Tribe's reservation lies 3 miles below the proposed intake structure. The Tribe's reservation lies approximately five river miles below the proposed intake structure.

29. Newport News admits the allegations of ¶ 29.

30. Newport News admits that the Tribe is not taxed under Virginia state or local law. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 30.

31. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 31.

32. Newport News admits that the American shad is a species of anadromous fish that is known in common language as a member of the herring family. Newport News denies that American shad are sensitive to changes in water salinity.

33. Newport News denies the allegations of ¶ 33.

34. Newport News admits that the Mattaponi River is an important spawning and nursing area for American shad in the York River system. Newport News denies all remaining allegations of ¶ 34.

35. Newport News admits that the Tribe operates a shad hatchery. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 35.

36. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 36.

37. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 37.

38. Newport News denies the allegations of ¶ 38.

39. Newport News denies that archeological surveys in the KWR project's proposed impoundment and mitigation areas revealed more than 250 sites containing Native American artifacts. The total number of such archeological sites is fewer than 200. 72 of such archeological sites are potentially eligible for the National Register of Historic Places, but eligibility has not been determined. It is believed that some of the archeological sites date back to approximately 7,540-6,200 B.C. Any remaining allegations in ¶ 39 are denied.

40. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 40.

41. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 41.

42. Newport News denies the allegations of ¶ 42.

43. Newport News admits the allegations of ¶ 43.

44. Newport News admits that a raw water intake structure and pumping station will be constructed at Scotland Landing. Newport News denies that Scotland Landing is three miles upstream from the Mattaponi Indian Reservation and states that the intake and pump station will be 5.5 miles upstream of the Reservation.

45. Newport News admits the allegations of ¶ 45.

46. Newport News admits the allegations of ¶ 46.

47. Newport News denies the allegations of ¶ 47.

48. Newport News denies the allegations of ¶ 48.

49. Newport News denies the allegations of ¶ 49.

50. Newport News admits that the KWR project's freshwater withdrawals from the Mattaponi River will cause very small, insignificant increases in noise levels in the river. Newport News denies the remaining allegations of ¶ 50.

51. Newport News admits that the KWR project's freshwater withdrawals from the Mattaponi River will cause very small, insignificant changes to salinity levels within the river. Newport News denies the remaining allegations of ¶ 51.

52. Newport News denies the allegations of ¶ 52.

53. Newport News admits that the Tribe submitted comments to the Corps during the permitting process for the federal permit. Those documents speak for themselves and Newport News denies any allegations concerning their contents that are inconsistent therewith. Newport News denies all remaining allegations in ¶ 53.

54. Newport News admits the allegations of ¶ 54.

55. Newport News admits the allegations of ¶ 55. Newport News notes that the events described in ¶ 55 occurred more than two years earlier than the events described in ¶ 54.

56. Newport News admits that on September 30, 2002, the North Atlantic Division, through Brigadier General Rhoades, issued an interim decision which rejected the Norfolk District's recommended decision. Newport News denies that General Rhoades' interim decision overturned any Norfolk District decision. What the Complaint describes as the Norfolk District's decision was merely a recommendation from a subordinate to a superior officer and not an operative instrument of any kind.

57. Newport News admits the allegations of ¶ 57.

58. Newport News admits the allegations of ¶ 58.

59. Newport News admits the allegations contained in the first sentence of ¶ 59. Newport News admits that the Tribe submitted comments to the Corps. Those documents speak for themselves and Newport News denies any allegations concerning their contents that are inconsistent therewith. Newport denies all remaining allegations in ¶ 59.

60. Newport News admits the allegations of ¶ 60.

61. Newport News admits the allegations of ¶ 61.

62. Newport News admits that the Tribe and the "Environmental Plaintiffs" submitted comments to the Corps. Those documents speak for themselves and Newport News denies any allegations concerning their contents that are inconsistent therewith. Newport News denies all remaining allegations of ¶ 62.

63. Newport News denies the allegations of ¶ 63.

64. The allegations of ¶ 64 are denied.

65. Newport News denies the allegations of ¶ 65.

66. Newport News denies the allegations of ¶ 66.

67. Newport News denies the allegations of ¶ 67.

68. Newport News denies the allegations of ¶ 68.

69. Newport News denies that the Clean Water Act requires an alternatives analysis. Newport News admits that the alternatives analyses in the Corps' September 30, 2002, interim decision memorandum and July 29, 2005, Record of Decision relied on the alternatives analysis in the 1997 EIS.

70. The report alleged in ¶ 70 is a written document, which speaks for itself and Newport News denies any allegations concerning its content that are inconsistent therewith.

71. Newport News lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 71 and therefore denies such allegations.

72. Newport News admits that the "Bragdon Moretti-Langholtz Traditional Cultural Properties Study" was issued in October 1998, subsequent to the issuance of the 1997 EIS. That document speaks for itself and Newport News denies any allegations concerning its contents that are inconsistent therewith.

73. Newport News admits the allegations of ¶ 73.

74. Newport News denies the allegations of ¶ 74. The Virginia Water Protection Permit (VWPP) reduces but does not lift the applicable minimum instream flow (MIF) restrictions if the permittee has instituted mandatory emergency drought conservation measures.

75. Newport News admits the allegations of ¶ 75. Newport News states affirmatively that the MIF requirements contained in the VWPP are more stringent than the proposed MIF requirements used as the basis for analysis in the 1997 EIS.

76. Newport News admits that the VMRC permit prohibits all water withdrawals from the Mattaponi River between March 1 and July 31 of any year until the VMRC establishes a different pumping hiatus period, based on an eight-year spawning season icthyoplankton monitoring program, designed to assure the protection of no less than 97 percent of the standing stocks of American shad eggs and yolk-sac larvae in seven of eight years and no less than 95 percent of the standing stocks of such eggs and yolk-sac larvae in the eighth year. Newport News denies the allegations of ¶ 76 to the extent that they are inconsistent with the foregoing.

77. Newport News denies the allegations of ¶ 77 because the alleged quotation from the VMRC permit is inaccurate and incomplete and because the hiatus is not a "summer month hiatus." The VMRC permit allows pumping to resume at any time during the spawning season pumping hiatus if "a declaration of water supply emergency has been made by the Governor or President."

78. Newport News admits the allegations of ¶ 78.

79. Newport News denies the allegations of ¶ 79.

80. Newport News denies the allegations of ¶ 80.

81. Newport News denies the allegations of ¶ 81.

82. Newport News denies the allegations of ¶ 82. The final pumping hiatus period will be established by the VMRC, based on an eight-year spawning season icthyoplankton monitoring program. See paragraph 76 of this Answer. The final pumping hiatus is expected to range from 44 to 83 days and to average 61 days each year. The MIF restrictions will not result in any decrease or cessation of pumping that was not accounted for in project planning.

83. Newport News denies that it will be able to pump water from the River in only four months of the year. Any remaining allegations in ¶ 83 are denied.

84. Newport News denies that there will be a five month hiatus, and denies that it had any "planned" amount of withdrawals, but admits that under certain climate and demand conditions, the hiatus condition might result in higher withdrawals at other times than would exist without a hiatus. Newport News denies that it will ever pump extra water but admits that the VWP permit allows it to pump up to 75 mgd so long as required minimum flows are maintained. Any remaining allegations in ¶ 84 are denied.

85. Newport News denies the allegations of ¶ 85.

86. Newport News denies the allegations of ¶ 86.

87. Newport News denies the allegations of ¶ 87.

88. Newport News denies the allegations of ¶ 88.

89. Newport News admits the allegations of ¶ 89.

90. Newport News denies the allegations of ¶ 90.

91. Newport News denies the allegations of ¶ 91.

92. Newport News admits the allegations of ¶ 92.

93. Newport News denies the allegations of ¶ 93.

94. Newport News denies the allegations of ¶ 94.

95. Newport News denies the allegations of ¶ 95.

96. Newport News denies the allegations of ¶ 96.

97. Newport News denies the allegations of ¶ 97.

98. Newport News denies the allegations of ¶ 98.

99. Newport News admits the allegations of ¶ 99. Newport News also states that small planktonic organisms will be removed from the River only in proportion to the volumes of water that are withdrawn. There will be no impact whatever on the concentration of such organisms in the water that remains.

## Count I

100. Newport News denies the allegations of ¶ 100.

101. Newport News denies the allegations of ¶ 101.

102. Newport News denies the allegations of ¶ 102.

103. Newport News admits that the EPA did not "require the Corps to prepare an SEIS." The remainder of ¶ 103 sets forth contentions of law and requires no answer.

104. Newport News admits that the EPA did not prevent the Corps from issuing Permit 93-0902-12. Newport News denies that EPA disregarded or gave insufficient attention or weight to any "concerns raised in the record," with respect to the project's impact on shad or otherwise.

105. Paragraph 105 sets forth contentions of law and requires no answer.

106. Paragraph 106 sets forth contentions of law and requires no answer.

107. Newport News' responses to paragraphs 1 through 106 are incorporated by reference.

108. Newport News denies the allegations of ¶ 108.

109. Newport News denies the allegations of ¶ 109.

110. Newport News denies the allegations of ¶ 110.

111. Newport News denies the allegations of ¶ 111.

### Count II

112. Newport News' responses to paragraphs 1 through 111 are incorporated by reference.

113. Newport News denies the allegations of ¶ 113.

114. Newport News denies the allegations of ¶ 114.

115. Newport News denies the allegations of ¶ 115.

116. Newport News denies the allegations of ¶ 116.

117. Newport News denies the allegations of ¶ 117.

118. Newport News denies the allegations of ¶ 118.

119. Newport News denies the allegations of ¶ 119.

Newport News denies the allegations of ¶ 120.

120. Newport News' responses to paragraphs 1 through 120 are incorporated by reference.

### Count III

121. Newport News denies the allegations of ¶ 122.

122. Newport News denies the allegations of ¶ 123.

123. Newport News denies the allegations of ¶ 124.

124. Newport News denies the allegations of ¶ 125.

125. Newport News denies the allegations of ¶ 126.

126. Newport News denies the allegations of ¶ 127.

127. Newport News denies the allegations of ¶ 128.

128. Newport News denies the allegations of ¶ 129.

129. Newport News' responses to paragraphs 1 through 129 are incorporated by reference.

### Count IV

130. Newport News denies the allegations of ¶ 131.

131. Newport News denies the allegations of ¶ 132.

132. Newport News denies the allegations of ¶ 133.

133. Newport News denies the allegations of ¶ 134.

134. Newport News' responses to paragraphs 1 through 134 are incorporated by reference.

### Count V

135. Newport News denies the allegations of ¶ 136.

136. Newport News denies the allegations of ¶ 137.

137. Newport News denies the allegations of ¶ 138.

Newport News reserves the right to assert any affirmative defenses as they may be established in the course of this litigation.

WHEREFORE, Newport News requests the Complaint be dismissed and that the Court enter judgment in favor of Newport News, awarding it the costs incurred in defending this action and granting such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        TROUTMAN SANDERS LLP

        _/s/_____
        Charles A. Zdebski (D.C. Bar #451075)
        Troutman Sanders LLP
        401 9th Street, N.W.
        Suite 1000
        Washington, DC 20004-2134
        (202) 274-2909 (Phone)
        (202) 654-5632 (Fax)

        *Counsel for the City of Newport News, Virginia*

Of Counsel:

James E. Ryan, Jr.
George A. Somerville
Lynne F. Rhode
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200 (Phone)
(804) 698-1339 (Fax)

M. Scott Hart
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7500 (Phone)
(757) 687-7510 (Fax)

Stuart E. Katz, City Attorney
Allen L. Jackson, Chief Deputy City Attorney
City of Newport News
2400 Washington Street
Newport News, Virginia 23607
(757) 926-8416 (Phone)
(757) 926-8549 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on December 11th, 2006, true copies of the foregoing Answer were mailed to the following:

Deborah M. Murray, Esquire
Senior Attorney
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA  22902

>Counsel for Plaintiffs Alliance to Save the Mattaponi, Chesapeake Bay Foundation, Inc., and Sierra Club, Virginia Chapter

Jon A. Mueller, Esquire
Director of Litigation
The Chesapeake Bay Foundation, Inc.
6 Herndon Ave.
Annapolis, MD  21403

>Co-Counsel for Plaintiff Chesapeake Bay Foundation, Inc.

Hope Babcock, Esquire
Emma E. Garrison, Esquire
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C.  20001

David S. Bailey, PLLC
16397 Triple Creek Lane
Beaverdam, Virginia  23015

>Counsel for Intervening Plaintiff Mattaponi Indian Tribe

Angeline Purdy, Esquire
U.S. Department of Justice Environmental Defense Section
601 D Street, NW
Suite 8000
Washington, DC  20004

Samantha Klein, Esquire
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
PO Box 663
Washington DC 20044

Devon Lehman McCune, Esquire
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
1961 Stout St., 8th Floor
Denver, CO 80294

Pat M. Falcigno, Esquire
Office of Counsel
North Atlantic Division
U.S. Army Corps of Engineers
Fort Hamilton
302 General Lee Avenue
Brooklyn, New York 11252-6700

Counsel for Defendants U.S. Army Corps of Engineers, *et al.*

*/s/ Charles A. Zdebski*
Charles A. Zdebski

1551117