UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, ) <br> 387 Shilo Road, King & Queen, VA   23085 ) <br> ) <br> THE CHESAPEAKE BAY FOUNDATION, INC., ) <br> 1108 East Main Street, Suite 1600, ) <br> Richmond, VA   23219-3539 ) <br> ) <br> and SIERRA CLUB, VIRGINIA CHAPTER, ) <br> 422 E. Franklin Street, Suite 302, ) <br> Richmond, VA   23219 ) <br> ) <br>                 Plaintiffs, ) <br> ) <br> MATTAPONI INDIAN TRIBE and CARL T. LONE ) <br> EAGLE CUSTALOW, CHIEF ) <br> 1467 Mattaponi Reservation Circle ) <br> West Point, VA  23181, ) <br> ) <br>                 Plaintiff-Intervenors, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ARMY CORPS OF ENGINEERS, ) <br> Headquarters, 441 G Street, NW, Washington, D.C. ) <br> 20314 ) <br> ) <br> FRANCIS J. HARVEY, in his official capacity as ) <br> Secretary Of The Army, 101 Army Pentagon, ) <br> Washington, D.C.  20310 ) <br> ) <br> CARL STROCK, in his official capacity as ) <br> Chief of Engineers and Commanding General of the ) <br> U.S. Army Corps of Engineers, Headquarters, ) <br> 441 G Street, NW, Washington, D.C.  20314 ) <br> ) <br> WILLIAM T. GRISOLI, in his official capacity as ) <br> Brigadier General, Commander and Division Engineer ) <br> of the U.S. Army Corps of Engineers, North Atlantic ) <br> Division, 302 General Lee Avenue, Fort Hamilton ) <br> Military Community, Brooklyn, NY 11252-6700 ) | Docket No. <br> 1:06-cv-01268-HHK |

|  |  |
|---|---|
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Headquarters, 1200 Pennsylvania Ave., N.W. Washington, D.C. 20460, | ) ) ) ) ) |
| and STEPHEN L. JOHNSON, in his official capacity as Administrator of the U.S. Environmental Protection Agency, 1200 Pennsylvania Ave., N.W. Washington, D.C. 20460, | ) ) ) ) ) ) |
| Defendants, | ) ) |
| CITY OF NEWPORT NEWS, VIRGINIA, 2400 Washington Street Newport News, VA 23607, | ) ) ) ) ) |
| Defendant-Intervenor. | ) ) |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs, the Alliance to Save the Mattaponi, the Chesapeake Bay Foundation, Inc. and Sierra Club, seek leave to file a First Amended Complaint attached hereto as Exhibit A. Plaintiffs have challenged the issuance of the Section 404 Clean Water Act permit No. 93-0902-1 by the Army Corps of Engineers, authorizing Defendant-Intervenor City of Newport News to construct the proposed King William Reservoir. Plaintiffs' original complaint alleges that the Corps' issuance of the permit violates substantive and procedural provisions of the Clean Water Act, 33 U.S.C. §§ 1251, et seq., the National Environmental Policy Act, 42 U.S.C. §§ 4321, et seq., and the Chesapeake 2000 Agreement. With respect to the Clean Water Act violations, plaintiffs' claims are asserted under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

Since filing the complaint, the Mattaponi Indian Tribe and Chief Carl T. "Lone Eagle" Custalow (collectively the "Tribe") have intervened in the suit as Plaintiff-Intervenors. The

2

Tribe's complaint adds the U.S. Environmental Protection Agency ("EPA") and the EPA Administrator as Defendants, and asserts claims against both the Corps and EPA under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, for violations of mandatory duties under the Act, in addition to claims for violations of the Act asserted under the APA.

Given the Tribe's allegations, plaintiffs seek to amend their complaint to assert the additional legal theory that, under Section 505, the citizen suit provision of the Clean Water Act, both the Corps and EPA violated their mandatory duties under the Act with respect to the issuance of the permit. EPA has final supervisory authority over the Corps' administration of, and compliance with, Section 404 of the Clean Water Act for the issuance of permits for the discharge of dredged or fill material, and for compliance with EPA's regulations implementing Section 404(b)(1) in the issuance of such permits. Plaintiffs also seek to assert claims, in the alternative, against EPA under the APA for violations of the Clean Water Act and the Chesapeake 2000 Agreement. The amended complaint would also update some general information about plaintiff Chesapeake Bay Foundation, including the number of members and its projects in the Bay, as set forth in amended paragraphs 15, 18 and 19, and would update information about the status of the Virginia Water Protection Permit issued to Newport News, as set forth in amended paragraph 85.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint only by leave of court once a responsive pleading is served or by written consent of the adverse party. The grant or denial of leave to amend is committed to the sound discretion of the court, but leave is to be freely given when justice so requires. In this case no undue delay or prejudice would result. The facts and circumstances remain the same as those set forth in the initial

complaint.  Plaintiffs seek only to add alternative legal theories against the Corps and against the new federal defendants.

The federal defendants have been advised, formally and informally, of plaintiffs' intent to assert the alternative legal theories.  Pursuant to section 505(a)(2) of the Clean Water Act, 33 U.S.C. § 1365(a)(2) and 40 C.F.R. §§ 135.1 through 135.5, plaintiffs notified defendants EPA, EPA Administrator Johnson, and the Corps, by letter dated 16 November 2006 ("60-day notice letter"), of their intent to assert claims against both EPA and the Corps, pursuant to Section 505 of the Clean Water Act, for failure to perform nondiscretionary duties under the Act, and to add alternative claims against EPA under the APA for violations of the Clean Water Act and the Chesapeake 2000 Agreement.  Plaintiffs also orally advised all parties of their intent to request leave to amend their complaint following the expiration of the 60-day notice period.

Counsel for plaintiffs has discussed this motion with opposing counsel and with counsel for the Tribe, as required by LCvR 7(m).  Counsel is authorized to state that counsel for the federal defendants and counsel for Newport News are opposed to the motion, whereas counsel for the Tribe consents to the motion.  The grounds for this Motion are more fully set forth in Plaintiffs' Memorandum of Points and Authorities in Support of the Motion for Leave to File First Amended Complaint.

Pursuant to LCvR 7(f), plaintiffs request an oral hearing on this motion.

Respectfully submitted this 31st day of January 2007.

>*/s/ Deborah M. Murray*
>Deborah M. Murray (D.C. Bar No. 362563)
>Senior Attorney
>Southern Environmental Law Center
>201 West Main Street, Suite 14
>Charlottesville, VA   22902
>(434) 977-4090 Telephone
>(434) 977-1483 Fax

4

Counsel for Plaintiffs
Alliance to Save the Mattaponi
The Chesapeake Bay Foundation, Inc.
Sierra Club, Virginia Chapter


Jon A. Mueller
Director of Litigation
The Chesapeake Bay Foundation, Inc.
6 Herndon Ave.
Annapolis, MD 21403
(410) 268-8816 Telephone
(410) 268-6687 Fax

Co-Counsel for Plaintiff
The Chesapeake Bay Foundation, Inc.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, ) <br> 387 Shilo Road, King & Queen, VA  23085 ) <br>  ) <br> THE CHESAPEAKE BAY FOUNDATION, INC., ) <br> 1108 East Main Street, Suite 1600, ) <br> Richmond, VA  23219-3539 ) <br>  ) <br> and SIERRA CLUB, VIRGINIA CHAPTER, ) <br> 422 E. Franklin Street, Suite 302, ) <br> Richmond, VA  23219 ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> MATTAPONI INDIAN TRIBE and CARL T. LONE ) <br> EAGLE CUSTALOW, CHIEF ) <br> 1467 Mattaponi Reservation Circle ) <br> West Point, VA  23181, ) <br>  ) <br> Plaintiff-Intervenors, ) <br>  ) <br> v. ) <br>  ) <br> UNITED STATES ARMY CORPS OF ENGINEERS, ) <br> Headquarters, 441 G Street, NW, Washington, D.C. ) <br> 20314 ) <br>  ) <br> FRANCIS J. HARVEY, in his official capacity as ) <br> Secretary Of The Army, 101 Army Pentagon, ) <br> Washington, D.C.  20310 ) <br>  ) <br> CARL STROCK, in his official capacity as ) <br> Chief of Engineers and Commanding General of the ) <br> U.S. Army Corps of Engineers, Headquarters, ) <br> 441 G Street, NW, Washington, D.C.  20314 ) <br>  ) <br> WILLIAM T. GRISOLI, in his official capacity as ) <br> Brigadier General, Commander and Division Engineer ) <br> of the U.S. Army Corps of Engineers, North Atlantic ) <br> Division, 302 General Lee Avenue, Fort Hamilton ) <br> Military Community, Brooklyn, NY 11252-6700 ) | Docket No. <br> 1:06-cv-01268-HHK |

1

|  |  |
|---|---|
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Headquarters, 1200 Pennsylvania Ave., N.W. Washington, D.C. 20460, | ) ) ) ) ) |
| and STEPHEN L. JOHNSON, in his official capacity as Administrator of the U.S. Environmental Protection Agency, 1200 Pennsylvania Ave., N.W. Washington, D.C. 20460, | ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| CITY OF NEWPORT NEWS, VIRGINIA, 2400 Washington Street Newport News, VA 23607, | ) ) ) ) |
| Defendant-Intervenor. | ) ) ) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

### Introduction

Plaintiffs seek to amend their complaint to add claims under Section 505 of the Clean Water Act against both the U.S. Army Corps of Engineers (the "Corps") and the U.S. Environmental Protection Agency and the EPA Administrator (collectively "EPA"). These claims are similar to those asserted by the Mattaponi Indian Tribe and Chief Carl T. "Lone Eagle" Custalow (collectively the "Tribe") in their complaint as plaintiff intervenors. The United States and Newport News object to Plaintiffs' motion for leave to amend, while counsel for the Tribe consents.

### Argument

2

Under Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading is served, a party may amend its complaint only by leave of court or by written consent of the adverse party. Under the rule, "leave shall be freely given when justice so requires." FRCP 15(a). See Foman v. Davis, 371 U.S. 178, 182 (1962). The intent of the rule is to ensure that plaintiffs are afforded the opportunity to test their claims on the merits. Foman v. Davis, 371 U.S. at 182. Further, as the D.C. Circuit has stated, "although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous amendments … ] [or] futility of amendment.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)(quoting Foman v. Davis, 371 U.S. at 182).

Plaintiffs seek only to add alternative legal theories against the Corps and against the EPA defendants that were added by the Tribe's complaint. Plaintiffs' original complaint asserts, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, violations of the Clean Water Act, 33 U.S.C. §§ 1251, et seq. Plaintiffs now seek to assert the additional legal theory under section 505 of the Clean Water Act, 33 U.S.C. § 1365, the citizen suit provision, that both the Corps and EPA violated their mandatory duties under the Act with respect to the issuance of the permit. Plaintiffs also seek to assert claims, in the alternative, against EPA under the APA for violations of the Clean Water Act and the Chesapeake 2000 Agreement.

Where, as here, the amendment does "no more than state an alternative theory for recovery," Foman v. Davis, 371 U.S. at 182, leave to amend should be granted. See Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999)("[a]bsent evidence of prejudice, delay [alone] cannot justify denying a motion to amend to clarify the legal basis for a complaint"); Caribbean Broad.

3

Sys., v. Cable &Wireless PLC, 148 F.3d 1080, 1083 (D.C. Cir. 1998)(abuse of discretion to deny second amended complaint alleging subject matter jurisdiction over monopolization claims).

Here no undue delay or prejudice would result to the defendants. The facts and circumstances remain the same as those set forth in the initial complaint. Plaintiffs notified defendants EPA and the Corps, by letter dated 16 November 2006 ("60-day notice letter"), of their intent to assert claims against both EPA and the Corps pursuant to Section 505 of the Clean Water Act and to assert alternative claims against EPA under the APA for violations of the Clean Water Act and the Chesapeake 2000 Agreement. At the same time, plaintiffs also orally advised all parties of their intent to request leave to amend their complaint upon the expiration of the 60-day notice period. Moreover, EPA and the Corps have not yet responded to the Tribe's complaint. Thus no prejudice or delay would result.

WHEREFORE, plaintiffs request that their Motion for Leave to File Plaintiffs' First Amended Complaint be granted.

Respectfully submitted,

*/s/ Deborah M. Murray*
Deborah M. Murray (D.C. Bar No. 362563)
Senior Attorney
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA   22902
(434) 977-4090 Telephone
(434) 977-1483 Fax

Counsel for Plaintiffs
Alliance to Save the Mattaponi
The Chesapeake Bay Foundation, Inc.
Sierra Club, Virginia Chapter

4

                    Jon A. Mueller
                    Director of Litigation
                    The Chesapeake Bay Foundation, Inc.
                    6 Herndon Ave.
                    Annapolis, MD 21403
                    (410) 268-8816 Telephone
                    (410) 268-6687 Fax

                    Co-Counsel for Plaintiff
                    The Chesapeake Bay Foundation, Inc.

This 31st day of January 2007.

## CERTIFICATE OF SERVICE

I hereby certify that on 31 January 2007, I electronically filed the Motion For Leave To File First Amended Complaint, Exhibit A to the Motion for Leave to File First Amended Complaint, Plaintiffs' Memorandum of Points and Authorities in Support of the Motion for Leave to File First Amended Complaint, and Proposed Order, with the Clerk of Court using the CM/ECF system.

I also hereby certify that on 31 January 2007, true and correct copies of the Motion For Leave To File First Amended Complaint, Exhibit A to the Motion for Leave to File First Amended Complaint, Plaintiffs' Memorandum of Points and Authorities in Support of the Motion for Leave to File First Amended Complaint, and Proposed Order, were served by first class mail, postage prepaid, properly addressed to the following counsel who do not receive electronic notification of filings:

M. Scott Hart
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462

James E. Ryan, Jr.
George A. Somerville
Lynne F. Rhode
Troutman Sanders LLP
PO Box 1122
Richmond, VA 23218-1122

Stuart E. Katz, City Attorney
Allen L. Jackson, Chief Deputy City Attorney
City of Newport News
2400 Washington Street
Newport News, VA   23607

Pat M. Falcigno
Office of Counsel
North Atlantic Division
U.S. Army Corps of Engineers
Fort Hamilton
302 General Lee Avenue
Brokly, NY   11252-6700

*/s/ Deborah M. Murray*