IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:06-cv-01268-HHK |
| | ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

BRIEFING ORDER

By agreement of counsel for all parties, and the Court deeming it just and proper

to do so, the following briefing schedule is established:

      A.      <u>Jurisdictional Motions</u>

In their complaint, Plaintiff-Intervenors Mattaponi Indian Tribe and Chief Carl

Custalow (collectively, "Tribe") assert certain claims against both the United States

Environmental Protection Agency ("EPA") and defendant United States Army Corps of

Engineers ("Corps") that were not asserted in the original complaint filed by plaintiffs

Alliance to Save the Mattaponi, the Chesapeake Bay Foundation, and Sierra Club

("Alliance").  The Alliance intends to move to amend its original complaint to add claims

similar to those asserted by the Tribe.  The United States believes that all claims against

EPA, and certain of the Tribe's claims against the Corps, are not within the Court's

jurisdiction.  The United States therefore intends to move to dismiss a portion of the Tribe's

complaint, and to oppose the Alliance's motion to amend.   The following briefing schedule

for jurisdictional issues is therefore hereby established:

1.      On or before February 2, 2007, the Alliance shall file a motion to amend its complaint.

2.      On or before February 23, 2007, the United States shall file a combined motion to dismiss portions of the Tribe's complaint and response to the Alliance's motion to amend.

3.      On or before March 16, the Tribe shall file its response to the United States' motion to dismiss, and the Alliance shall file its reply in support of its motion to amend.

4.      On or before March 30, the United States shall file its reply in support of its motion to dismiss.

B.      <u>Administrative Record and Merits Briefing</u>

1.      On or before April 2, 2007, the Corps shall file the certified administrative record in electronic form and serve copies on all counsel of record.

2.      Within 60 days after the record is served, the parties shall notify each other of any additional documents that they believe should be included in the administrative record.  If the parties agree that such documents should be included, the Corps shall file and serve a supplement to the record.  If the parties are unable to agree, they may file motions to add documents to the administrative record.  Later identified documents may also be added to the record on agreement of the parties or order of the Court.

3.      Within 90 days after the end of the 60 day period for supplementation of the record described in paragraph 2, the Alliance and the Tribe  shall file their motions for summary judgment and supporting statement of points and authorities.  Each set of plaintiffs

(*i.e.*, the Alliance and the Tribe) may file a statement of points and authorities, which may not exceed 45 pages.

4.      Within 90 days after plaintiffs' motions for summary judgment and supporting statements are served, defendants shall file their cross motions for summary judgment and supporting statements of points and authorities.  Each set of defendants (*i.e.*, the United States Army Corps of Engineers, *et al*. and the City of Newport News) may file a single consolidated memorandum in opposition to plaintiffs' motions for summary judgment and in support of their own motion for summary judgment, which may not exceed 60 pages.

5.      Within 30 days after defendants' motions for summary judgment and supporting statements are served, each set of plaintiffs may file a responsive memorandum, which may not exceed 45 pages.

6.      Within 30 days after plaintiffs' responsive memorandum is served, each set of defendants may file a reply memorandum, which may not exceed 30 pages.

7.      Because this is an action under the Administrative Procedure Act, in which review will be on the administrative record, the provisions of Local Civil Rule 7(h) and 56.1, with respect to the filing of a statement of material facts as to which the moving party contends there is no genuine issue and the related provisions of those Rules, shall not apply in this case.  The remaining provisions of Local Civil Rule 7 shall apply except as altered by the time limits stated in this Order.

Entered this _____ day of _____, 2007

_____
United States District Court Judge