IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ARMY CORPS OF ENGINEERS, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 1:06-cv-01268-HHK |

RESPONSE OF THE INTERVENING DEFENDANT
CITY OF NEWPORT NEWS, VIRGINIA
TO THE UNITED STATES' PARTIAL MOTION TO DISMISS

The City of Newport News, intervening defendant, supports the federal defendants' motion to dismiss all claims asserted against the United States Environmental Protection Agency and its Administrator (collectively, EPA), for the following reasons:

1. Plaintiffs have failed to allege a basis for this Court's jurisdiction over their claims against EPA under § 505(a) of the Clean Water Act (CWA), 33 U.S.C. § 1365(a), because they have not alleged that the Administrator has "fail[ed] ... to perform any act or duty under this chapter which is not discretionary with the Administrator," *id*. The failures to act that are charged to EPA are all discretionary. "The Administrator is *authorized*" by § 404(c) of the CWA, 33 U.S.C. § 1344(c) (emphasis added), to veto the issuance of a Corps of Engineers permit, under certain circumstances, but he is *not required* to do so.[1] See *Preserve Endangered Areas of Cobb's History v. Corps of Engineers*, 87 F.3d 1242, 1249

---

[1] Plaintiffs also aver that EPA has a mandatory duty to ensure that the Corps complies with the Section 404(b)(1) Guidelines. There is no authority whatever, to our knowledge, to support that allegation.

(11th Cir. 1996): "the decision of the Administrator not to overrule the decision of the Army Corps is discretionary.... By statute, the Administrator is authorized rather than mandated to overrule the Corps.... Because this power is discretionary, [§ 505] of the Clean Water Act does not apply"; *City of Olmsted Falls v. EPA*, 266 F. Supp. 2d 718, 723 (N.D. Ohio 2003), *aff'd*, 435 F.3d 632 (6th Cir. 2006)[2]: "There is nothing mandatory on the face of the statute requiring the Administrator to exercise his veto power" and that power is "obvious[ly] discretionary."

2. Plaintiffs have failed to allege a basis for this Court's jurisdiction over their claims against EPA under the Administrative Procedure Act (APA). They do not allege that EPA has *acted* unlawfully, only that EPA *failed* to act in ways that that plaintiffs say it was required to act. "The APA provides relief for a failure to act in [5 U.S.C.] § 706(1): 'The reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed.'" *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62, 124 S. Ct. 2373 (2004). That remedy is limited, however, to failures to take actions that are legally *required*. *See id.* at 63-64:

> [T]he only agency action that can be compelled under the APA is action legally *required*. This limitation appears in § 706(1)'s authorization for courts to "compel agency action *unlawfully* withheld." In this regard the APA carried forward the traditional practice prior to its passage, when judicial review was achieved through use of the so-called prerogative writs – principally writs of mandamus under the All Writs Act, now codified at 28 U.S.C. § 1651(a). The mandamus remedy was normally limited to enforcement of "a specific, unequivocal command," ... the ordering of a "'precise, definite act ... about which [an official] had no discretion whatever'" .... § 706(1) empowers a court only to compel an agency "to perform a ministerial

---

[2]   The *Olmsted Falls* plaintiffs appealed the District Court's judgment on other issues but did not challenge its dismissal of their claims against EPA.

or non-discretionary act," or "to take action upon a matter, without directing *how* it shall act."

(Emphases in original; citations and footnote omitted.) As stated above, plaintiffs have not alleged that EPA has failed to take any actions that *are* legally *required*, only that it has not done various things that it is (allegedly) *authorized* to do.[3] Therefore they have not stated a basis for this Court's jurisdiction over their claims against EPA under the APA.

3. Exercise of jurisdiction over plaintiffs' claims against EPA under the APA also is precluded by § 505(a) of the CWA, 33 U.S.C. § 1365(a), under the basic principle of statutory construction embodied in the maxim *expressio unius personae vel rei, est exclusio alterius* ("*expressio unius*"), the express mention of one person or thing is the exclusion of another. As stated in the APA, 5 U.S.C. § 702, "Nothing herein ... confers authority to grant relief if any other statute that grants consent to suit expressly *or impliedly* forbids the relief which is sought." (Emphasis added.) *See Block v. Community Nutrition Institute*, 467 U.S. 340, 345, 104 S. Ct. 2450 (1984): "The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute,' 5 U.S.C. § 702, but withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review,' 5 U.S.C. § 701(a)(1)." By expressly providing for suits against the Administrator for failure to act only where the agency action at issue is not discretionary,

---

[3] To the extent that plaintiffs' allegations may be construed as stating that EPA was legally required under CWA § 404(c) to veto the Corps' permit decision, those allegations state legal conclusions, not allegations of fact, and therefore they need not be accepted for purposes of ruling on the federal defendants' motion to dismiss.

Newport News vehemently disagrees with plaintiffs' allegations that EPA has "supervisory authority" over the Corps of Engineers. Plaintiffs have cited no authority for that novel, indeed revolutionary assertion, and in fact it is not true. *See also* n.1, *supra*.

§ 505(a) "impliedly forbids" other means of suing the Administrator, including suits under the APA, and thus "preclude[s] judicial review" of failures to act that are discretionary.

The United States Supreme Court has written,

> A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." *Botany Mills v. United States*, 278 U.S. 282, 289 (1929). This principle of statutory construction reflects an ancient maxim – *expressio unius est exclusio alterius*. Since the [Amtrak] Act creates a public cause of action for the enforcement of its provisions and a private cause of action only under very limited circumstances, this maxim would clearly compel the conclusion that the remedies created in § 307 (a) [of the Amtrak Act, 42 U.S.C. § 547] are the *exclusive* means to enforce the duties and obligations imposed by the Act.

*National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 458, 94 S. Ct. 690 (1974) (emphasis added).[4]

The *expressio unius* maxim instructs that a statute precludes judicial review under the APA where it expressly provides a mechanism for limited review. As stated in *Block v. North Dakota*, 461 U.S. 273, 286 n.22, 103 S. Ct. 1811 (1983), quoting H. R. Rep. No. 94-1656, p. 13 (1976), "§ 702 provides no authority to grant relief 'when Congress has dealt in particularity with a claim and [has] intended a specified remedy to be the exclusive remedy.'" Thus in *Transohio Savings Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 608-09 (D.C. Cir. 1992), the Court of Appeals held that § 702 does not waive sovereign immunity for contract actions against the government because "Section 702 'is by

---

[4] In that case, Section 307(a) of the Amtrak Act authorized employees or duly authorized employee representatives to sue for equitable relief *in the case of labor agreements*. The railroad passenger association argued for a broader private right of action, but the Court refused to allow such an action outside of the labor agreement context.

4

its terms inapplicable if "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought," and the Tucker Act and Little Tucker Act impliedly forbid such relief'" (quoting *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986)). The Tucker Act waives sovereign immunity for damage actions against the government but provides for jurisdiction only in the Claims Court, thus "impliedly forbid[ding]" such actions in the district courts under the APA. The CWA likewise waives sovereign immunity for claims that EPA has "fail[ed] ... to perform any act or duty under this chapter which is *not* discretionary with the Administrator" (emphasis added), thus "impliedly forbid[ding]" claims brought under the APA alleging that EPA has failed to perform any act or duty under the CWA which *is* discretionary with the Administrator.[5]

> Because of the very nature of the problem Section 702 was intended to address, ... its applicability to modern regulatory agencies is limited. The legislation establishing the authority of such agencies usually defines the scope of judicial review over their actions and sovereign immunity will generally continue to bar other kinds of lawsuits against them as a consequence of the proviso to Section 702. The principal effect of Section 702, therefore, is upon the "older executive departments, such as the Departments of State, Defense, Treasury, Justice, Interior and Agriculture." [H.R. No. 94-1656, p. 3, 94th Cong. 2d Sess., reprinted in U.S. Code Cong. & Ad. News, 6121, 6123 (1976)] at 6125. However, where "omissions or gaps" exist in legislation relating to the modern agencies, Section 702 may affect them also. *Id.*

*Sprecher v. Graber*, 716 F.2d 968, 974 (2d Cir. 1983). "Section 702 ... was designed to waive sovereign immunity only in situations when specific provisions establishing judicial review do not exist and to leave untouched areas in which such review was barred because

---

[5] This argument does not in any way contradict the well established "presumption in favor of judicial review," which "may be overcome only upon a showing of clear and convincing evidence of a contrary legislative intent." *E.g., Traynor v. Turnage*, 485 U.S. 535, 542, 108 S. Ct. 1372 (1988). The CWA specifically authorizes judicial review of EPA failures to act, but the courts must respect the express limitations that Congress imposed on that authorization.

… judicial review was the subject of explicit legislation." *Id.* at 974-75. Judicial review of EPA failures to act under the CWA is "the subject of explicit legislation," and therefore there are no "omissions or gaps" for § 702 to fill.

        Respectfully submitted,

        TROUTMAN SANDERS LLP

        Charles A. Zdebski (D.C. Bar #451075)
        Troutman Sanders LLP
        401 9th Street, N.W.
        Suite 1000
        Washington, DC 20004-2134
        (202) 274-2909 (Phone)
        (202) 654-5632 (Fax)

        *Counsel for the City of Newport News, Virginia*

Of Counsel:

| | |
|---|---|
| James E. Ryan, Jr. | M. Scott Hart |
| George A. Somerville | Troutman Sanders LLP |
| Lynne F. Rhode | 222 Central Park Avenue |
| Troutman Sanders LLP | Suite 2000 |
| P.O. Box 1122 | Virginia Beach, Virginia 23462 |
| Richmond, Virginia 23218-1122 | (757) 687-7500 (Phone) |
| (804) 697-1200 (Phone) | (757) 687-7510 (Fax) |
| (804) 698-1339 (Fax) | |

        Stuart E. Katz, City Attorney
        Allen L. Jackson, Chief Deputy City Attorney
        City of Newport News
        2400 Washington Street
        Newport News, Virginia 23607
        (757) 926-8416 (Phone)
        (757) 926-8549 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2007, true copies of the foregoing Response to the United States' Partial Motion to dismiss were mailed to the following:

Deborah M. Murray, Esquire
Senior Attorney
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA  22902

    Counsel for Plaintiffs Alliance to Save the Mattaponi, Chesapeake Bay
    Foundation, Inc., and Sierra Club, Virginia Chapter

Jon A. Mueller, Esquire
Director of Litigation
The Chesapeake Bay Foundation, Inc.
6 Herndon Ave.
Annapolis, MD  21403

    Co-Counsel for Plaintiff Chesapeake Bay Foundation, Inc.

Hope Babcock, Esquire
Emma E. Garrison, Esquire
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, N.W.
Washington, D.C.  20001

David S. Bailey, PLLC
16397 Triple Creek Lane
Beaverdam, Virginia  23015

    Counsel for Intervening Plaintiff Mattaponi Indian Tribe

Angeline Purdy, Esquire
U.S. Department of Justice Environmental Defense Section
601 D Street, NW
Suite 8000
Washington, DC  20004

Samantha Klein, Esquire
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
PO Box 663
Washington DC  20044

Devon Lehman McCune, Esquire
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
1961 Stout St., 8th Floor
Denver, CO 80294

Pat M. Falcigno, Esquire
Office of Counsel
North Atlantic Division
U.S. Army Corps of Engineers
Fort Hamilton
302 General Lee Avenue
Brooklyn, New York  11252-6700

        Counsel for Defendants U.S. Army Corps of Engineers, *et al.*

/s/ Charles A. Zdebski

1595308