UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| ALLIANCE TO SAVE THE ) | | |
| MATTAPONI, et al. ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil Action No. 06-CV-1268-HHK | |
| ) | | |
| UNITED STATES ARMY CORPS OF ) | | |
| ENGINEERS, et al. ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

**UNITED STATES ARMY CORPS OF ENGINEERS ET AL.'S ANSWER TO
MATTAPONI INDIAN TRIBE ET AL.'S FIRST AMENDED COMPLAINT**

Defendants United States Army Corps of Engineers; Preston M. Geren, Secretary of the

Army (in his official capacity); Robert L. Van Antwerp, Chief of Engineers and Commanding

General of the United States Army Corps of Engineers (in his official capacity); Brigadier

General Todd T. Semonite Commander and Division Engineer of the United States Army Corps

of Engineers, North Atlantic Division (in his official capacity) (collectively "Corps"); United

States Environmental Protection Agency; and Stephen L. Johnson, Administrator, United States

Environmental Protection Agency (collectively "EPA") (the Corps and EPA being referred to

collectively herein as "defendants") hereby answer the allegations in intervenor Mattaponi

Indian Tribe and Carl T. Lone Eagle Custalow, Chief's (collectively "Tribe" or "plaintiff-

intervenors'") First Amended Complaint as follows:

**NATURE OF ACTION**

1.      Paragraph 1 characterizes plaintiff-intervenors' claim and requires no response.

2.      Defendants admit the allegations in the first sentence of Paragraph 2.  Defendants admit that the King William Reservoir will withdraw water from the Mattaponi River, that the Mattaponi River borders the Mattaponi Indian Tribe's reservation, and that the construction of the Reservoir will flood lands that are culturally significant to the Tribe.  Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants lack information sufficient to admit or deny the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4.      Paragraph 4 consists of legal conclusions that require no response.

5.      Defendants admit that the headquarters of the United States Army Corps of Engineers is located in Washington, D.C.  The remainder of Paragraph 5 consists of legal conclusions that require no response.

**PARTIES AND STANDING**

6.      The first sentence of Paragraph 6 identifies plaintiff-intervenors and requires no response.  Defendants admit that the Tribe has participated in the public proceedings related to issuance of the Permit.  Defendants lack information sufficient to admit or deny the remaining allegations in the second sentence of  Paragraph 6.  Defendants admit the allegations in the third sentence of Paragraph 6.

7.       Defendants admit the allegations in Paragraph 7.

8.      Defendants admit that Chief Carl T. Lone Eagle Custalow is the chief of the

Mattaponi Tribe.  Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 8.

9.      Defendants admit that the construction of the King William Reservoir will inundate certain archeological sites of cultural significance.  Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 9.

10.      Defendants admit that the Corps issued Permit No. 93-0902-12.  The remaining allegations in Paragraph 10 characterize the Permit, which speaks for itself.  To the extent that the allegations in Paragraph 10 are inconsistent with the Permit, those allegations are denied. Paragraph 10 also contains legal conclusions that require no response.

11.      Paragraph 11 consists of legal conclusions that require no response.

12.      Paragraph 12 identifies the plaintiffs and requires no response.

13.      The first sentence of Paragraph 13 identifies the defendants and requires no response.  Defendants aver, however, that Brigadier General Todd T. Semonite is the official successor to Brigadier General William T. Grisoli.  The second sentence of Paragraph 13 identifies the defendant-intervenor and requires no response.

14.      Defendants admit that the United States Army Corps of Engineers is a federal agency.  The remainder of Paragraph 14 consists of legal conclusions that require no response.

15.      Defendants admit the allegations in the first and second sentences of Paragraph 15.  Defendants deny the allegations in the third sentence of Paragraph 15.

16.       Defendants deny that Preston M. Geren is the Acting Secretary of the Army, but aver that he is the Secretary of the Army.  The remainder of the first sentence of Paragraph 16 characterizes plaintiff-intervenors' claim and requires no response.  The second sentence of

Paragraph 16 consists of legal conclusions that require no response. Defendants admit the allegations in the third sentence of Paragraph 16.

17.     Defendants admit that Lieutenant General Robert L. Van Antwerp is the Chief of Engineers and Commanding Officer of the Corps. The remainder of the first sentence of Paragraph 17 characterizes plaintiff-intervenors' claim and requires no response. The second sentence of Paragraph 17 consists of legal conclusions that require no response. Defendants admit the third sentence of Paragraph 17.

18.     Defendants deny that Brigadier General William T. Grisoli is the Commander and Division Engineer of the United States Army Corps of Engineers, North Atlantic Division, but aver that his official successor is Brigadier General Todd T. Semonite. The remainder of the first sentence of Paragraph 18 characterizes plaintiff-intervenors' claim and requires no response. Defendants admit that Brigadier General Grisoli signed Permit 93-0902-12, which is the subject of this lawsuit. Defendants deny the remaining allegations in the second sentence of Paragraph 18. Defendants admit that Brigadier General Grisoli was the official successor to Brigadier General Meredith W. B. Temple, and that General Temple held this position as of July 29, 2005. Defendants deny the remaining allegations in the third sentence of Paragraph 18.

19.     Defendants admit the allegations in the first sentence of Paragraph 19. Defendants admit that the permit decision was elevated to the North Atlantic Division. The remainder of the second sentence of Paragraph 19 consists of legal conclusions that require no response.

20.     Defendants admit that EPA is an agency of the United States. The remainder of the first sentence of Paragraph 20 consists of legal conclusions that require no response.

- 4 -

Defendants admit the allegations in the second sentence of Paragraph 20.

21.     Defendants admit that Stephen L. Johnson is the Administrator of EPA.  The remainder of the first sentence of Paragraph 21 characterizes plaintiff-intervenors' claim and requires no response.  The second sentence of Paragraph 21 consists of legal conclusions that require no response.  Defendants admit the allegations in the third sentence of Paragraph 21.

22.     The first sentence of Paragraph 22 identifies the intervernor-defendant and requires no response.  Defendants admit the allegations in the second sentence of Paragraph 22. Defendants admit that on November 16, 2005, the Corps issued Permit No. 93-0902-12 to the City of Newport News.   The remaining allegations in the third sentence of Paragraph 22 characterize the Permit, which speaks for itself.  To the extent that the allegations in the third sentence of Paragraph 22 are inconsistent with the Permit, defendants deny those allegations.

PROCEDURAL POSTURE

23.     Defendants admit that plaintiffs Alliance to Save the Mattaponi et al. ("Environmental Plaintiffs") filed this action on July 17, 2006.  The remaining allegations in the first sentence of Paragraph 23 characterize Environmental Plaintiffs' complaint, which speaks for itself.  To the extent that the allegations in the first sentence of Paragraph 23 are inconsistent with that complaint, defendants deny those allegations.  Defendants admit the allegations in the second, third, and fourth sentences of Paragraph 23.

24.     Defendants admit the allegations in the first sentence of Paragraph 24.  The allegations in the remainder of Paragraph 24 characterize the Tribe's original complaint, which speaks for itself.  To the extent that the allegations in the remainder of Paragraph 24 are inconsistent with the Tribe's original complaint, defendants deny those allegations.

25.    Defendants admit the allegations in Paragraph 25.

26.    Defendants admit that on February 23, 2007 the United States filed a partial Motion to Dismiss.  The remaining allegations in Paragraph 26 characterize the United States' Motion to Dismiss, which speaks for itself.  To the extent that the allegations in Paragraph 26 are inconsistent with that Motion, defendants deny those allegations.

27.    Defendants admit that on May 30, 2007, the Court issued a Memorandum Opinion.  The remaining allegations in the  first sentence of Paragraph 17 characterize the Court's opinion of May 30, 2007, which speaks for itself.  To the extent that the allegations in the first sentence of Paragraph 17 are inconsistent with that opinion, defendants deny those allegations.  The first sentence of Paragraph 27 also states legal conclusions that require no response.  Defendants admit the allegations in the second, third, and fourth sentences of Paragraph 27.

## RELATED STATE PROCEEDINGS

28.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 28.

## FACTUAL BACKGROUND

29.    Defendants admit the allegations in Paragraph 29.

30.    Defendants admit the allegations in Paragraph 30.

31.    Defendants admit the allegations in Paragraph 31.

32.    Defendants admit the allegations in Paragraph 32.

33.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 33.

34.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 34.

35.     Defendants admit that the American shad is a species of andromadous fish and that it is a member of the herring family.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 36.

37.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 37.

38.     Defendants admit that the Tribe operates a shad hatchery.  Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 38.

39.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 39.

40.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 characterize certain archeological surveys, which speak for themselves.  To the extent that the allegations in Paragraph 42 are inconsistent with these surveys, defendants deny those allegations.

43.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 43.

44.     Defendants lack information sufficient to admit or deny the allegations in

Paragraph 44.

45.    Defendants lack information sufficient to admit or deny the allegations in

Paragraph 45.

46.    Defendants admit the allegations in Paragraph 46.

47.    Defendants admit the allegations in Paragraph 47.

48.    Defendants admit the allegations in Paragraph 48.

49.    Defendants admit the allegations in Paragraph 49.

50.    Defendants admit that the reservoir project includes a "Streams and Wetlands

Mitigation Plan."  The remaining allegations in the first two sentences of Paragraph 50

characterize that Plan, which speaks for itself.  To the extent that the allegations in the first two

sentences of Paragraph 50 are inconsistent with the Plan, defendants deny those allegations.

Defendants deny the allegations in the third sentence of Paragraph 50.

51.    Defendants deny the allegations in Paragraph 51.

52.    Defendants deny the allegations in Paragraph 52.

53.    Defendants deny the allegations in Paragraph 53.

54.    Defendants admit that the KWR project's freshwater withdrawals from the

Mattaponi River will increase noise levels in the river.  Defendants deny the remaining

allegations in Paragraph 54.

55.    Defendants admit that the KWR project's freshwater withdrawals from the

Mattaponi river will change salinity levels within the river.  Defendants deny the remaining

allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that the Tribe submitted comments during the permitting process for the federal permit.  The remaining allegations in Paragraph 57 characterize these comments, which speak for themselves.  To the extent that the remaining allegations in Paragraph 57 are inconsistent with the Tribe's comments, defendants deny those allegations.

58.     Defendants admit that on March 20, 2001, the Norfolk District published a Recommended Record of Decision ("RROD").  The remaining allegations in Paragraph 58 characterize the RROD, which speaks for itself.  To the extent that the allegations in Paragraph 58 are inconsistent with the RROD, defendants deny those allegations.

59.     Defendants admit that EPA wrote a comment letter to the Corps dated May 1, 2001.  The remaining allegations in Paragraph 59 characterize this letter, which speaks for itself.  To the extent that the allegations in Paragraph 59 are inconsistent with the letter, defendants deny those allegations.

60.     Defendants admit that on July 2, 2001, the Norfolk District published a Final Recommended Record of Decision ("Final RROD").  The remaining allegations in Paragraph 60 characterize the Final RROD, which speaks for itself.  To the extent that the allegations in Paragraph 60 are inconsistent with the Final RROD, those allegations are denied.

61.     Defendants admit that then-governor James S. Gilmore III objected to the preliminary position of the Norfolk District and that the application was elevated to the North Atlantic Division.  The remainder of Paragraph 61 consists of legal conclusions that require no response.

62.     Defendants admit that on September 30, 2002, the North Atlantic Division, through Brigadier General Rhoads, issued an interim decision.  The remaining allegations in

Paragraph 62 characterize that interim decision, which speaks for itself.  To the extent that the allegations in Paragraph 62 are inconsistent with the interim decision, defendants deny those allegations.

63.    Defendants admit the allegations in Paragraph 63.

64.    Defendants admit that the State Water Control Board has issued a Virginia Water Protection Permit and that the Virginia Marine Resources Commission has issued a subaqueous beds permit.  The remainder of Paragraph 64 consists of legal conclusions that require no response.

65.    Defendants admit the allegations in Paragraph 65.

66.    Defendants admit that on January 31, 2005, the Tribe submitted comments on the Wetland Mitigation Plan.  The remaining allegations in Paragraph 66 characterize those comments, which speak for themselves.  To the extent that the allegations in Paragraph 66 are inconsistent with the Tribe's comments, defendants deny those allegations.

67.    Defendants deny the allegations in Paragraph 67.

68.    Defendants admit the allegations in the first sentence of Paragraph 68.  The allegations in the second sentence of Paragraph 68 characterize the January EIS, which speaks for itself.  To the extent that the allegations in the second sentence of Paragraph 68 are inconsistent with the January EIS, defendants deny those allegations.  Defendants admit the allegations in the third and fourth sentences of Paragraph 68.

69.    Defendants admit that the Tribe submitted a comment letter on the EIS dated July 25, 1997.  The remaining allegations in Paragraph 69 characterize that comment letter, which speaks for itself.  To the extent that the allegations in Paragraph 69 are inconsistent with the

Tribe's comment letter, defendants deny those allegations.

70.     Defendants admit that EPA submitted a comment letter on the EIS dated July 25, 1997.  The remaining allegations in Paragraph 70 characterize EPA's comment letter, which speaks for itself.  To the extent that the allegations in Paragraph 70 are inconsistent with EPA's comment letter, defendants deny those allegations.

71.     Defendants admit that on November 29, 2004 the Tribe submitted a letter to the Norfolk District.  The remaining allegations in Paragraph 71 characterize the Tribe's letter, which speaks for itself.  To the extent that the allegations in Paragraph 71 are inconsistent with the Tribe's letter, defendants deny those allegations.

72.     Defendants admit the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 characterize the EIS, which speaks for itself.  To the extent that the allegations in Paragraph 73 are inconsistent with the EIS, defendants deny those allegations.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants admit the allegations in Paragraph 79.

80.     Defendants admit that in May 1998 the Corps' consultants issued a report entitled "Review of Water Supply Needs Assessment for the Regional Raw Waters Study Group, Newport News, Virginia."  The remaining allegations in Paragraph 80 characterize this report,

- 11 -

which speaks for itself.  To the extent that the allegations in Paragraph 80 are inconsistent with this report, defendants deny those allegations.

81.    The allegations in Paragraph 81 characterize the October 1998 Bragdon Moretti-Langholtz Traditional Cultural Properties Study, which speaks for itself.  To the extent that the allegations in Paragraph 81 are inconsistent with this study, defendants deny those allegations.

82.    The allegations in Paragraph 82 characterize the VWP Permit, which speaks for itself.  To the extent that the allegations in Paragraph 82 are inconsistent with the VWP Permit, defendants deny those allegations.

83.    The allegations in Paragraph 83 characterize the VWP Permit, which speaks for itself.  To the extent that the allegations in Paragraph 83 are inconsistent with the VWP Permit, defendants deny those allegations.

84.    The allegations in Paragraph 84 characterize the VWP Permit, which speaks for itself.  To the extent that the allegations in Paragraph 84 are inconsistent with the VWP Permit, defendants deny those allegations.

85.    The allegations in Paragraph 85 characterize the VMRC Permit, which speaks for itself.  To the extent that the allegations in Paragraph 85 are inconsistent with the VMRC Permit, defendants deny those allegations.

86.    The allegations in Paragraph 86 characterize the VMRC Permit, which speaks for itself.  To the extent that the allegations in Paragraph 86 are inconsistent with the VMRC Permit, defendants deny those allegations.

87.    The allegations in Paragraph 87 characterize the VMRC Permit, which speaks for itself.  To the extent that the allegations in Paragraph 87 are inconsistent with the VMRC Permit,

defendants deny those allegations.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89.

90.    Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    Defendants lack information sufficient to admit or deny the allegations in the first sentence of Paragraph 94. The second sentence of Paragraph 94 characterizes a state permit, which speaks for itself. To the extent that the allegations in the second sentence of Paragraph 94 are inconsistent with that permit, those allegations are denied.

95.    Defendants deny the allegations in Paragraph 95.

96.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 96.

97.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 97.

98.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 98.

99.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 99.

100.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 100.

101.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 101.

102.    Defendants admit the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 104.

105.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 105.

106.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 109.

110.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 110.

111.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 111.

112.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 112.

113.    Defendants admit that EPA has not "vetoed" Permit No. 93-0902-12.  The remainder of Paragraph 113 consists of legal conclusions that require no response.

## CLAIMS FOR RELIEF

114.    Paragraph 114 consists of legal conclusions that require no response.

115.    Paragraph 115 consists of legal conclusions that require no response.

### Count I

116.    Paragraphs 1 through 115 are incorporated herein by reference.

117.    Paragraph 117 consists of legal conclusions that require no response.

118.    Paragraph 118 consists of legal conclusions that require no response.

119.    Paragraph 119 consists of legal conclusions that require no response.

120.    Paragraph 120 consists of legal conclusions that require no response.

### Count II

121.    Paragraphs 1 through 120 are incorporated herein by reference.

122.    Paragraph 122 consists of legal conclusions that require no response.

123.    Paragraph 123 consists of legal conclusions that require no response.

124.    Paragraph 124 consists of legal conclusions that require no response.

125.    Paragraph 125 consists of legal conclusions that require no response.

126.    Paragraph 126 consists of legal conclusions that require no response.

127.    Paragraph 127 consists of legal conclusions that require no response.

128.    Paragraph 128 consists of legal conclusions that require no response.

129.    Paragraph 139 consists of legal conclusions that require no response.

### Count III

130.    Paragraphs 1 through 129 are incorporated herein by reference.

131.    Paragraph 131 consists of legal conclusions that require no response.

132.    Paragraph 132 consists of legal conclusions that require no response.

133.    Paragraph 133 consists of legal conclusions that require no response.

134.    Paragraph 135 consists of legal conclusions that require no response.

136.    Paragraph 136 consists of legal conclusions that require no response.

137.    Paragraph 137 consists of legal conclusions that require no response.

138.    Paragraph 138 consists of legal conclusions that require no response.

**Count IV**

139.    Paragraphs 1 through 138 are incorporated herein by reference.

140.    Paragraph 140 consists of legal conclusions that require no response.

141.    Paragraph 141 consists of legal conclusions that require no response.

142.    Paragraph 142 consists of legal conclusions that require no response.

143.    Paragraph 143 consists of legal conclusions that require no response.

**Count V**

144.    Paragraphs 1 through 143 are incorporated herein by reference.

145.    Paragraph 145 consists of legal conclusions that require no response.

146.    Paragraph 146 consists of legal conclusions that require no response.

147.    Paragraph 147 consists of legal conclusions that require no response.

**Count VI**

148.    Paragraphs 1 through 147 are incorporated herein by reference.

149.    Paragraph 149 consists of legal conclusions that require no response.

150.    Paragraph 150 consists of legal conclusions that require no response.

151.    Paragraph 151 consists of legal conclusions that require no response.

[142a].[1/]        Paragraph 142a consists of legal conclusions that require no response.

[143a].        Paragraph 143a consists of legal conclusions that require no response.

[144a].        Paragraph 144a consists of legal conclusions that require no response.

## PRAYER FOR RELIEF

Plaintiff-intervenors' Prayer for Relief requires no response.

## GENERAL DENIAL

To the extent that any allegation of plaintiff-intervenors' First Amended Complaint has

not been admitted or specifically responded to, defendants deny such allegation.

## AFFIRMATIVE DEFENSES

A.        The Court lacks subject matter jurisdiction over some or all of plaintiff-

intervenors' claims.

B.        Some or all of plaintiff-intervenors' claims fail to state a claim for which relief

may be granted.

WHEREFORE, defendants pray that plaintiff-intervenors take nothing by their

complaint.

Respectfully submitted this 10th day of August, 2007

RONALD J. TENPAS
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Angeline Purdy*

_____

---

[1/] Due to an apparent typographical error, plaintiff-intervenors' First Amended Complaint includes two sets of paragraphs numbered 142, 143, and 144.  In this Answer the second set of paragraphs are numbered 142a, 143a, and 144a to distinguish them from the first set.

ANGELINE PURDY
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Voice: (202) 514-0996
Fax: (202) 514-8865
e-mail: angeline.purdy@usdoj.gov

SAMANTHA KLEIN
Trial Attorney
Natural Resources Section
P.O. Box 0663
Washington DC 20044-0663
(202) 305-0474 (tel.)
(202) 305-0506 (fax)


DEVON LEHMAN McCUNE
Trial Attorney
Natural Resources Section
1961 Stout St., 8th Floor
Denver, CO  80294
(303) 844-1487 (tel.)
(303) 844-1350 (fax)
Devon.McCune@usdoj.gov

Attorneys for Defendants,

OF COUNSEL

PAT M. FALCIGNO
Assistant Counsel
North Atlantic Division Regional Business Center
United States Army Corps of Engineers

DAWN M. MESSIER
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.