**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

_____
                                            )
                                            )
ALLIANCE TO SAVE THE MATTAPONI, et al.      )
                                            )
                                            )
                                            )   Docket No.
v.                                          )   1:06-cv-01268-HHK
                                            )
UNITED STATES ARMY CORPS OF                 )
ENGINEERS, et al.                           )
                                            )
                                            )
_____)

**MOTION TO COMPEL AGENCY RECORD**

Plaintiff-Intervenors Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow (collectively "Tribe"), through counsel, move this Court to compel the Environmental Protection Agency ("EPA") to produce its record related to its failure to invoke its "veto" authority under Clean Water Act ("CWA") section 404(c), 33 U.S.C. § 1344(c).

EPA has informed the parties of its position that no decision document or administrative record exists regarding its failure to use its authority under CWA § 404(c) to "veto" the permit for the King William Reservoir ("KWR"). The Tribe contends, however, that EPA possesses various documents relating to its review of the project and decision not to veto. This Court has held that it has jurisdiction to review the Tribe's claims against EPA under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. See Memorandum Opinion at 14. As the United States Supreme Court held in Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415-16, 420 (1971), "the

generally applicable standards of [APA] § 706 require the reviewing court to engage in a substantial inquiry," and the court's review must "be based on the full administrative record that was before the [agency] at the time [it] made [its] decision." Here, EPA has provided no documents contemporaneous with the agency's decision not to invoke its authority and, thus, leaves the Court without the ability to conduct "a thorough, probing, in-depth review" of whether this action was arbitrary and capricious. Id. at 415-16.

Therefore, EPA must turn over all documents related to the KWR project. See James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir.1996) (noting that "the administrative record includes all materials 'compiled' by the agency, that were 'before the agency at the time the decision was made'") (quoting Overton Park, 401 U.S. at 419; Envtl. Def. Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C.Cir.1981)). Should this Court deny this motion to compel, the Tribe is entitled to, and intends to, seek discovery in order to examine the agency's decisionmaking process with regard to its failure to veto the project and thereafter supplement the administrative record. See Tex. Med. Ass'n v. Mathews, 408 F. Supp. 303, 305 (W.D. Tex. 1976) (reviewing documents procured during discovery, deposition testimony, and trial testimony where "no formal contemporaneous administrative record" existed).

EPA's stated intent to submit a declaration by an agency decisionmaker in lieu of a record is not only insufficient to allow the thorough review contemplated by Overton Park, but is also prohibited by the principles of administrative law. Litigation affidavits, such as the declaration EPA intends to submit, are "merely 'post hoc' rationalizations, which have traditionally be found to be an inadequate basis for review." Overton Park, 401 U.S. at 419 (internal citations omitted); see also Citizen Advocates For Responsible

Expansion, Inc. (I-Care) v. Dole, 770 F.2d 423, 434 (5th Cir. 1985) ("Studies, statements, opinions, reports, rationalizations, or other assertedly relevant and non-duplicative evidence made or offered after the decision . . . has been reached to support that decision must be viewed critically and ordinarily cannot constitute part of the administrative record.").

    The Tribe concurs in all arguments set forth by Plaintiffs Alliance to Save the Mattaponi et al. and respectfully requests that this Court grant the Tribe's Motion to Compel and order EPA to produce the agency record in this matter.

        Respectfully Submitted,

/s/ Hope M. Babcock_____
Hope M. Babcock, Senior Attorney
Institute for Public Representation
600 New Jersey Avenue, NW
Washington, D.C.  20001
(202) 662-9535
(202) 662-9634 (Facsimile)

*Counsel for the Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow*

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, August 31, 2007, I caused to be served a true and correct copy of the foregoing Motion to Compel Agency Record by first class mail, postage prepaid, properly addressed to the following counsel:

Jon A Mueller
Chesapeake Bay Foundation, INC.
6 Herndon Ave.
Annapolis, MD 21403

George A. Somerville
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122

M. Scott Hart
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462


                                                                        /s/ Hope M. Babcock
                                                                       Hope M. Babcock