UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ALLIANCE TO SAVE THE MATTAPONI, *et al.*,

        Plaintiffs,

v.

UNITED STATES ARMY CORPS
OF ENGINEERS, *et al.*,

        Defendants.

Docket No.

1:06-cv-01268-HHK

## MOTION OF PLAINTIFFS ALLIANCE TO SAVE THE MATTAPONI, ET AL. TO COMPEL PRODUCTION OF RECORD OR FOR LEAVE TO OBTAIN DISCOVERY, AND FOR PROTECTIVE ORDER

### INTRODUCTION

The U.S. Environmental Protection Agency ("EPA") takes the untenable position that there is no administrative record on which to base this Court's review of plaintiffs and plaintiff-intervenors' (collectively "plaintiffs") claims against it, and that, in the absence of an administrative record, "EPA will provide a declaration from the EPA decisionmaker explaining why EPA has not initiated the 404(c) veto process." Joint Submission Regarding Briefing Schedule at 1-2 (Dkt. No. 50) (filed 6 Aug. 2007) ("Joint Submission"). EPA's contention regarding the lack of a record is part and parcel of its continued insistence that plaintiffs' claims against it are not reviewable. EPA likewise continues to mischaracterize plaintiffs' claims, arguing that "the only alleged 'inaction' the court could review would be the fact that EPA has not initiated those [§404(c)] procedures." Joint Submission at 1. *See also* EPA Motion for

Reconsideration at 5; Reply in Support of Motion for Reconsideration at 1-4. This Court has already twice rejected such arguments, ruling that plaintiffs may proceed with their claims against EPA under §706 of the Administrative Procedure Act ("APA") for EPA's failure to veto the permit at issue.[1] *See* Memorandum Opinion and Order at 8-14 (Dkt. No. 36) (filed 30 May 2007) ("Mem. Op."); *see* Scheduling Order at 1 (Dkt. No. 47) (filed 17 July 2007).

It is a fundamental tenet of administrative law that review of agency action under the APA must be based "on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also* 5 U.S.C. § 706 (directing the reviewing court to make its determinations based on the "whole record"). Equally clear, an agency may not rely on post-hoc rationalizations to justify its actions. Instead, the court's review is confined to the administrative record at the time of the agency's decision; it may not include "some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Here, EPA's position contravenes both of these fundamental principles that review of agency action must be based on the full administrative record and that post-hoc rationalizations are prohibited. Accordingly, the Alliance plaintiffs request that this Court order EPA to compile and produce a record consisting of all the information and materials that were before the agency in reviewing the proposed King William Reservoir permit and relating to EPA's ultimate failure to veto the project. In the alternative, the Alliance plaintiffs seek leave to obtain discovery of this information and to thereafter supplement the administrative record. Further, the Alliance

---

[1] More specifically, Section 404 permits for the discharge of dredged or fill material into waters of the United States may only be granted for a specified disposal site. Clean Water Act §404(a), 33 U.S.C. §1344(a). EPA has the authority to *prohibit* or *withdraw* the specification of a disposal site when the discharge of such materials will have an "unacceptable adverse effect on," among other things, "shellfish beds and fishery areas (including spawning and breeding areas) [and] wildlife." CWA §404(c), 33 U.S.C. §1344(c). In this case, the Alliance plaintiffs challenge EPA's failure to *prohibit* the specification of a disposal site, more conveniently referred to herein as EPA's failure to "veto" the permit.

2

plaintiffs seek a protective order to prevent EPA from filing an improper post-hoc rationalization under the guise of a declaration "explaining" its failure to act.

## ARGUMENT

### I. The Full Administrative Record Relating To EPA's Failure To Veto The Permit Must Be Before The Court.

The U.S. Army Corps of Engineers (the "Corps") has already submitted its administrative record relating to the review of the proposed permit application at issue and its ultimate decision to issue a §404 permit to the City of Newport News for the proposed construction of the King William Reservoir. This record contains hundreds of EPA documents, including documents that specifically show that EPA believed that the issuance of the permit in this case would violate the binding requirements set forth in the §404(b)(1) Guidelines and would result in unacceptable adverse impacts under §404(c). *See, e.g.,* Letter from Stanley L. Laskowski, EPA Director, Environmental Services Division, to Colonel Allan B. Carroll, District Engineer, Norfolk District of the Corps (1 May 2001), Administrative Record MAR051497, *passim* and at MAR051499 (in commenting on and supporting Colonel's Recommended Record of Decision to deny the permit, EPA stated that "construction of the . . . project could have an unacceptable adverse effect on wildlife and fishery areas as described under Section 404(c) of the Clean Water Act")(attached hereto as Exh. A); Letter from W. Michael McCabe, EPA Regional Administrator, to Colonel Robert H. Reardon, Jr., District Engineer, Norfolk District of the Corps (25 July 1997) MAR015563, MAR015564 (in comments on the 1997 Final Environmental Impact Statement, stated that impacts are significant and, if not "appropriately mitigated, the proposed project may result in substantial and unacceptable impacts to Aquatic Resources of National Importance")(attached hereto as Exh. B). Despite the existence of these documents, EPA argues that there is no administrative record.

3

EPA claims that it does not have an administrative record because it never initiated the §404 process that it alleges is required before EPA can "veto" a permit under §404(c). This argument is completely specious and contrary to this Court's earlier ruling in this case. This Court has already rejected EPA's claim, properly concluding that plaintiffs' challenge is to EPA's failure to veto the permit which was "essentially a decision (*i.e.*, an action) to indirectly approve a permit...." Mem. Op. at 11. As this Court held, plaintiffs' claims against EPA may go forward under §706(2) of the APA, which allows courts to "hold unlawful and set aside" arbitrary or capricious "agency action." *See* Mem. Op. at 13. Further, as this Court noted, the APA defines "agency action" to include the "failure to act." *Id.* (citing 5 U.S.C. §551(13)). In reviewing "agency action" (or inaction), the APA directs that a reviewing court "shall review the whole record or those parts of it cited by a party." 5 U.S.C. §706. Thus, whether a case involves an agency's failure to act or action taken, review is based on the administrative record. *See Raymond Proffitt Found. v. United States Army Corps of Eng'rs*, 128 F. Supp.2d 762, 768 n.8 (E.D. Pa. 2000)("Review of claims based on failure to act and on action taken are generally limited to the administrative record.")(cited in *Biodiversity Legal Found. v. Norton*, 180 F. Supp.2d 7, 10-11 (D.D.C. 2001)).

This Court rejected a remarkably similar argument to that made here by EPA in *Biodiversity Legal Found. v. Norton*, 180 F. Supp.2d 7 (D.D.C. 2001). In that case, plaintiffs sued the U.S. Department of the Interior and the U.S. Fish and Wildlife Service for failing to carry out certain alleged duties under the Endangered Species Act. The matter was before the court on plaintiffs' motion to compel the administrative record. *Id.* The agencies argued that, because they had not made an "affirmative decision" not to act on plaintiffs' petition for revision

4

of a critical habitat designation, there was no administrative record and that they could not "produce that which does not exist." *Id.* (court quoting defendants' response).

The court rejected the defendants' arguments and granted the plaintiffs' motion to compel. *Id.* In so doing, the court stated that, "[s]ignificantly," the APA requirement to review agency action on the basis of "the whole record" "applies whether a court is reviewing agency action or inaction." *Id.* at 10, 11 (citations omitted). Moreover, the court found that, although the defendants argued that no administrative record existed, this was "plainly not the case," as shown by documents that the plaintiffs obtained through the Freedom of Information Act. *Id.* at 11.

Here too, EPA's argument that no record exists is contrary to this Court's ruling allowing plaintiffs' claims to go forward and the principle that review of agency action or inaction must be based on the administrative record. In addition, like *Biodiversity Legal Foundation*, EPA's argument is plainly contradicted by the voluminous number of documents in the Corps' record that EPA authored or received. Thus, this Court should grant plaintiffs' motion to compel EPA to compile and produce the administrative record.

The U.S. Supreme Court has also repeatedly confirmed that "review is to be based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc., v. Volpe*, 401 U.S. 402, 420 (1971). In that case, the citizen plaintiffs challenged the decision of the Secretary of Transportation to authorize a highway through a public park. The Secretary had not made formal findings on whether the statutory requirements had been met, and, in the litigation, the Secretary submitted affidavits to support the agency decision, which the lower courts relied upon in finding for the Secretary. The Supreme Court reversed, stating that the affidavits did not constitute the "whole record"

5

compiled by the agency as required by §706 of the APA. 401 U.S. at 419. Further, the Court found that the affidavits were merely post-hoc rationalizations, "which have traditionally been found to be an inadequate basis for review." *Id.* (citation omitted). The Supreme Court remanded the case to the district court, directing the court to review the Secretary's decision based on the full administrative record that was before the Secretary at the time he made his decision. *Id.* at 420.

The principles set forth in *Overton Park* are well-settled in this Circuit. For example, in *Natural Resources Defense Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975), the D.C. Circuit, citing *Overton Park*, found that the district court had erred in proceeding on "a partial and truncated record." Plaintiffs had filed an affidavit listing several documents that were not included in the record but that had been relied upon by the EPA Administrator. The court held that the entire administrative record should have been presented in the first instance to the district court. Further, the court stated that plaintiffs were entitled to an opportunity to determine by discovery whether any other documents had been improperly withheld. *Id.* at 292.

As in *NRDC v. Train*, this Court should ensure in the first instance that the full administrative record is available for review and resist EPA's stated intent to short circuit such review through the filing of a post-hoc declaration. It is not necessary for plaintiffs to point to particular EPA documents that they believe have not been not included in the Corps' administrative record, as the plaintiffs did in *NRDC v. Train*, because this is not a case in which EPA has produced a record that plaintiffs are challenging as incomplete. Rather, this case, like *Overton Park*, presents an extreme situation in which EPA has completely failed to produce any record. EPA has been an integral and necessary part of the review of the permit application from the beginning. Given the numerous communications to and from EPA in the Corps'

6

administrative record, it is simply implausible that there would not be an equally robust record of internal documents, memoranda, and correspondence that do not appear in the Corps' record but that should be before the Court.

It is clear that EPA must produce a record concerning its failure to act and that it not be allowed to submit a post- hoc affidavit in lieu of a record. In *American BioScience, Inc. v. Thompson*, 243 F.3d 579 (D.C. Cir. 2001), the D.C. Circuit vacated the district court's judgment in favor of the defendant Food and Drug Administration on the grounds that the court had failed to require the administrative record to be filed and had instead relied on the parties' written or oral representations to discern the basis on which the agency acted. Citing *Overton Park* and §706 of the APA, the D.C. Circuit found that review must be based on the full administrative record that was before the agency at the time it made its decision. Finding that the district court's reliance on the parties' post-hoc representations was improper; the court stated: "For all we know, the attorneys were merely speculating. In any event, the Supreme Court in *Overton Park* held that even sworn affidavits filed during the litigation would not suffice to explain the action of the Secretary of Transportation." *Id.* at 582 (citing *Overton Park*, 401 U.S. at 419). The court found that the district court instead should have required the agency to file the administrative record. *Id.*

As this circuit has repeatedly found, the record must include all documents and materials that the agency "directly or indirectly considered." *See, e.g., Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). There, the Court of Appeals held:

> "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision. The Supreme Court's formulation in *Overton Park*, cautions against both under- and over-inclusiveness in the administrative record before a reviewing court.... To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case, and so the APA requires review of 'the whole record.' . . . To review more than the

7

> information before the [agency] at the time [it] made [its] decision risks our [allowing the agency] ... to take advantage of post-hoc rationalizations ...."

*Id.* at 792; *see also Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 196-97 (D.D.C. 2005). The court concluded in *Boswell* that it was faced "with examples of both an under- and an over-inclusive record," and it remanded the matter to the district court to obtain the full administrative record and prevent any improper supplementation of the record. 749 F.2d at 793-94. *Boswell's* "neither more nor less" standard is particularly applicable in this case, because here too, EPA is attempting to have its cake and eat it too -- stubbornly insisting that there is no record while at the same time announcing its intent to file a declaration made after the fact.

EPA cannot be allowed to frustrate this Court's review by failing to file a record. Moreover, as the courts have recognized, a complete record is also necessary to ensure that the agency does not potentially skew the record by excluding pertinent but unfavorable information. In *Fund for Animals v. Williams*, 391 F. Supp. 2d 191 (D.D.C. 2005), for example, the court granted plaintiffs' motion to supplement the record, finding that the U.S. Fish and Wildlife Service had improperly excluded certain documents from the administrative record that contained information adverse to the agency's decision. *Id.* at 198-99; *see also Washington Toxics Coalition v. United States Department of Interior*, Case No. C04-1998C, Order at 3 (W.D. Wash. 14 June 2005) (granting plaintiffs' motion to compel completion of the administrative record to include, among other items, internal agency communications where plaintiffs had shown that the information before the agency likely included evidence contrary to the agencies' ultimate findings) (unpublished decision, attached hereto as Exh. C). Here, by analogy, if EPA were to merely submit a post-decision affidavit in lieu of a record, it would also allow the agency improperly to withhold evidence unfavorable to its case.

8

Even assuming arguendo that the Court agrees that there is no "record" to compile, plaintiffs nevertheless would be entitled to discovery and to supplement the Corps' record with pertinent EPA documents. *See, e.g., Natural Resources Defense Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975)(stating that *Overton Park*, 401 U.S. at 420-21, "indicated that some discovery might be required if 'additional explanation' of the [agency's] decision was necessary"); *National Wilderness Institute v. United States Army Corps of Engineers*, 2002 U.S. Dist. LEXIS 27743, at 15-16 (D.D.C. 9 Oct. 2002)(to ensure that the record was complete, court ordered the agency to comply with the plaintiffs' discovery request). Moreover, *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989), sets forth certain exceptions to the general rule that review of agency action is confined to the administrative record. Relevant here is the exception for cases involving an agency's failure to take action. The courts in this circuit have repeatedly recognized the *Esch* list of exceptions. *See, e.g., National Wilderness Institute v. United States Army Corps of Engineers*, 2002 U.S. Dist. LEXIS 27743, at 9-10 (D.D.C. 2002); *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197-98 (D.D.C. 2005). Thus, whether plaintiffs' motion is viewed as a motion to compel EPA to produce the record or as one to require EPA to submit to discovery and thereafter supplement the record, the end result is plain under the law of this circuit. EPA must be required to produce all of the documents and information that were before it when it considered the King William Reservoir permit application, including all information relating to its failure to veto the project.

Obtaining this information is fundamental to the plaintiffs' ability to move forward with their claims against EPA. While EPA documents in the Corps' record reveal an abdication of EPA's responsibilities, plaintiffs are entitled to more fully pursue their claims against EPA based on all the information that was before the agency. *See Northwest Tissue Center v. Shalala*, 1

9

F.3d 522, 535-36 (7th Cir. 1993) (in reviewing informal agency action where there was no formal record, plaintiffs were nonetheless entitled to present evidence with respect to their claim to reconstruct the agency's actions).

## II. EPA'S STATED INTENT TO INTRODUCE A CONTEMPORANEOUS DECLARATION EXPLAINING ITS FAILURE TO VETO THE PERMIT IS IMPROPER

The case law is unequivocal that an agency may not rely on post-hoc rationalizations to justify actions already taken. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). As the U.S. Supreme Court has explained, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). In particular, litigation affidavits offering post-hoc rationalizations for the agency's decision "have traditionally been found to be an inadequate basis for review."[2] *Overton Park*, 401 U.S. at 419. *See also Bowen v. Georgetown University Hospital*, 488 U.S. 204, 213 (1988) ([d]eference to "an agency's convenient litigation position would be entirely inappropriate").[3] An agency's action "'must be upheld, if at all, on the basis articulated by the agency itself' at the time of decision, not post-hoc rationalizations." *Anacostia Watershed Society v. Babbitt*, 871 F. Supp. 475, 486 (D.D.C. 1994) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)).

---

[2] Although affidavits may be admitted in limited circumstances when there has been "such failure to explain administrative action as to frustrate effective judicial review," *Camp*, 411 U.S. at 143, an affidavit cannot be used as a substitute for the filing of the administrative record as EPA seeks to do here.

[3] *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("courts may not accept appellate counsel's *post-hoc* rationalizations for agency action"); *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (validity of agency determination stands or falls on basis of contemporary explanation of agency decision); *American Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 495, 539 (1981) ("post-hoc rationalizations ... cannot serve as a sufficient predicate for agency action"); *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("[i]t is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made"); *D & S Afonso Realty Trust v. Garvey*, 216 F.3d 1191, 1196 (D.C. Cir. 2000) (agency's "post-hoc rationalizations... cannot pass muster as a matter of law"). *See also Reeve Aleutian Airways, Inc., v. United States*, 889 F.2d 1139, 1144 (D.C. Cir. 1989) (vacating judgment where district court had relied on post-hoc affidavit to explain its decision).

As the D.C. Circuit stated in *AT&T Information Systems, Inc. v. General Services Administration*, 810 F.2d 1233 (D.C. Cir. 1987) (per curiam), the court has "repeatedly applied [the rule against post-hoc rationalizations] to bar introduction of litigation affidavits to supplement the administrative record." *Id.* at 1236 (citations omitted). That case involved a reverse-Freedom of Information Act dispute, in which the plaintiffs challenged the agency's decision to release confidential commercial information over the plaintiff's objection. In granting summary judgment in favor of the agency, the district court relied on the agency's post-hoc declaration explaining why the agency did not withhold the information. The D.C. Circuit reversed on the grounds that the district court had erred in departing from the administrative record and relying on the agency declaration. *Id.* at 1234. The court stated that the agency, having provided no rationale for its decision, was precluded from initially offering one on judicial review. Here too, EPA should be prohibited from offering a post-hoc declaration to attempt to explain why it failed to veto the permit.

In the alternative, however, if the Court were to disagree with plaintiffs view, then the Court should allow plaintiffs to conduct discovery of EPA concerning the matters averred to in its affidavit. *See, e.g., Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)("it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard"); *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457-58 (D.C. Cir. 1994)(acknowledging that where administrative record is inadequate for effective judicial review, discovery of decisionmakers may be permissible).

## CONCLUSION

For the foregoing reasons, plaintiffs the Alliance to Save the Mattaponi *et al.* request that this Court order EPA to compile and produce a record consisting of all the information and materials that were before the agency in reviewing the proposed King William Reservoir permit and relating to EPA's ultimate failure to veto the project. In the alternative, plaintiffs seek leave to obtain discovery of this information and to thereafter supplement the administrative record. Further, plaintiffs seek a protective order to prevent EPA from filing its intended declaration, "explaining" the agency's failure to act, as an improper post-hoc rationalization.

Respectfully submitted this 31st day of August 2007.

/s/ *Deborah M. Murray*
Deborah M. Murray (D.C. Bar No. 362563)
Senior Attorney
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA  22902
(434) 977-4090 Telephone
(434) 977-1483 Fax

Counsel for Plaintiffs
Alliance to Save the Mattaponi
The Chesapeake Bay Foundation, Inc.
Sierra Club, Virginia Chapter

Jon A. Mueller
Director of Litigation
The Chesapeake Bay Foundation, Inc.
6 Herndon Ave.
Annapolis, MD 21403
(410) 268-8816 Telephone
(410) 268-6687 Fax

Co-Counsel for Plaintiff
The Chesapeake Bay Foundation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on 31 August 2007, I electronically filed the Motion of Plaintiffs Alliance to Save the Mattaponi, et al. to Compel Production of Record or for Leave to Obtain Discovery, and for Protective Order with the Clerk of Court, as well as the Proposed Order, using the CM/ECF system.

I also hereby certify that on 31 August 2007, true and correct copies of the Motion of Plaintiffs Alliance to Save the Mattaponi, et al. to Compel Production of Record or for Leave to Obtain Discovery, and for Protective Order, and the Proposed Order, were served by first class mail, postage prepaid, properly addressed to the following counsel who do not receive electronic notification of filings:

M. Scott Hart
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462

James E. Ryan, Jr.
George A. Somerville
Lynne F. Rhode
Troutman Sanders LLP
PO Box 1122
Richmond, VA 23218-1122

Stuart E. Katz, City Attorney
Allen L. Jackson, Chief Deputy City Attorney
City of Newport News
2400 Washington Street
Newport News, VA 23607

Pat M. Falcigno
Office of Counsel
North Atlantic Division
U.S. Army Corps of Engineers
Fort Hamilton
302 General Lee Avenue
Brooklyn, NY 11252-6700

/s/ *Deborah M. Murray*