UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, et al. ) | |
| ) | |
| v. ) | Docket No. 1:06-cv-01268-HHK-AK |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al. ) | |

**PLAINTIFF-INTERVENORS' REPLY TO UNITED STATES ENVIRONMENTAL PROTECTION AGENCY'S OPPOSITION TO MOTION TO COMPEL AGENCY RECORD**

Defendant United States Environmental Protection Agency ("EPA") asks this Court to decide again whether its decision not to veto the King William project under § 404(c) of the Clean Water Act ("CWA"), 33 U.S.C. § 1344(c), was final and reviewable. Arguing that its inaction was wholly discretionary, EPA claims that an administrative record of the § 404(c) process is not required. See generally Mem. Opp'n Mot. Compel ("EPA Opp'n") [# 60]. Simultaneously, EPA asserts that the "whole" record should consist of an uncorroborated post hoc rationalization. See Decl. of Donald S. Welsh ("Welsh Decl.") [# 60-2]. No amount of circular reasoning can justify EPA's attempt to avoid judicial review of its decision. Plaintiff-Intervenors Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow (collectively "Tribe") stand by their arguments in their Motion to Compel that EPA's position is untenable and that EPA must produce the record related to its decision not to veto the permit under section 404(c). See generally Mot. Compel Agency R. ("Tribe Mot.") [# 56]. To rule otherwise would

contravene the Administrative Procedure Act's ("APA") central purposes of requiring transparency in agency actions and providing judicial oversight. See, e.g., Massachusetts v. Envtl. Prot. Agency, 127 S. Ct. 1438, 1463 (2007) (requiring EPA to provide a reasoned explanation for its refusal to exercise its regulatory authority).

It is well-settled, and EPA acknowledges, that courts review agency action pursuant to § 706 of the Administrative Procedure Act ("APA") based on the full and contemporaneous administrative record. EPA Opp'n at 5; see Camp v. Pitts, 411 U.S. 138, 142-43 (1973); James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) ("The administrative record includes all materials 'compiled' by the agency, . . . that were 'before the agency at the time the decision was made.'") (internal citation omitted) (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 419 (1971), and Envtl. Def. Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981)). EPA has offered four flawed arguments for why it is not required to produce a record in this proceeding.

First, this Court has twice rejected EPA's argument that its decision not to exercise its veto authority was "wholly discretionary" agency inaction that does not require an administrative record.[1] EPA Opp'n at 5-6; see Mem. Op. & Order at 9-12 [# 36]; Order of July 17, 2007 [# 47]. To enable judicial review of EPA's decision, the APA requires EPA to produce the "whole" administrative record. 5 U.S.C. § 706; Citizens to Preserve Overton Park, 401 U.S. at 419; see also Biodiversity Legal Found. v. Norton, 180 F. Supp. 2d 7, 11 (D.D.C. 2001) (judicial review must be based on the "whole" record, "whether a court is reviewing agency action or inaction"). If EPA refuses to produce the record, then this Court cannot review whether the

---

[1] EPA's continued arguments against this Court's holding are repetitious and a waste of this Court's time. Contrary to EPA's argument, this Court was not ambiguous in holding that it may review "EPA's failure to veto the permit." Mem. Op. & Order at 12; see EPA Opp'n at 4 (arguing that this Court has not yet decided whether it can review "the absence of a veto").

agency's action was arbitrary and capricious, an abuse of discretion, or otherwise not supported by law.

Second, EPA erroneously suggests that an administrative record is limited to only a formal document memorializing the agency's decision. See EPA Opp'n at 6. To the contrary, "a complete administrative record should include all materials that might have influenced the agency's decision, not merely those on which the agency relied in its final decision." Amfac Resorts, L.L.C. v. U.S. Dep't of Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (internal quotations and citations omitted). In this case, there is evidence of a substantial administrative record that EPA must produce.[2]

Third, EPA's argument that the record does not include all internal memoranda and correspondence is contrary to law. See EPA Opp'n at 8. To the extent that any predecisional documents contain options, recommendations, reasons, and rationales for EPA's decision not to veto, they must be produced as part of the administrative record. See Natural Res. Def. Council, Inc. v. Train, 519 F.2d 287, 291-92 (D.C. Cir. 1975) (briefing document prepared for the Administrator, containing discussion of the issues, factual data, analysis of options, and recommendations, should have been included in the administrative record). If EPA "based [its] decision on the work and recommendations of subordinates, those materials should be included as well." Amfac Resorts, 143 F. Supp. 2d at 12; see also Bar MK Ranches v. Yuetter, 994 F.2d

---

[2] The U.S. Army Corps of Engineers' (the "Corps") administrative record includes documents showing that EPA believed the issuance of the permit would result in unacceptable adverse environmental impacts under § 404(c). See, e.g., Letter from Stanley L. Laskowski, EPA Director, Environmental Services Division, to Colonel Allan B. Carroll, District Engineer, Norfolk District of the Corps (May 1, 2001) [MAR051497]. Moreover, EPA admits that documents, memoranda and correspondence from the § 404(c) decision process exist, see EPA Opp'n at 8, and the Welsh declaration references briefings and meetings with Region III staff about the § 404(c) determination, see Welsh Decl. ¶ 8.

3

735, 739 (10th Cir. 1993) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency.").

Finally, EPA incredibly contends that over a ten-year permitting process for the King William Reservoir, there is not a single relevant document that was considered or produced by the agency during its § 404(c) determination. See EPA Opp'n at 8-9. The 404(c) veto process is not completely independent from the 404(b) permitting process because there is substantial and necessary overlap in the data collected and considerations made. This is particularly true for determining whether unacceptable adverse impacts would result. See 33 U.S.C. § 1344(c); supra fn. 2. Section 404(b), which applies EPA's guidelines to permits issued by the Corps of Engineers, also refers to § 404(c). See 33 U.S.C. § 1344(b) ("Subject to [§ 404(c)], each such disposal site shall be specified (1) through the application of guidelines . . . and (2) in any case where such guidelines under clause (1) alone would prohibit the specification of a site . . . ."). Further, EPA's own regulations for the veto process establish that it must consider all available information, including "any written determination of compliance with the section 404(b)(1) Guidelines." 40 C.F.R. § 231.1(a); see also 40 C.F.R. § 231.3(a).

After wrongly eliminating from the administrative record every document preceding its 404(c) determination, EPA attempts to *augment* the record with Welsh's post hoc declaration prepared for purposes of this litigation. Litigation affidavits or declarations are post hoc rationalizations that courts traditionally disfavor and find not to be an adequate basis of review. Citizens to Preserve Overton Park, 401 U.S. at 419; see also Edison Elec. Inst. v. Occupational Safety & Health Admin., 849 F.2d 611, 617-18 (D.C. Cir. 1988) ("Ordinarily, . . . neither party is

4

entitled to supplement the record with litigation affidavits . . . .").[3] Welsh's post hoc explanation is particularly troublesome because EPA refuses to produce the relevant contemporaneous evidence to enable judicial review of Welsh's alleged reasons and rationale. If EPA does not produce a record, then at most it may only declare that no documents were considered or generated in the process of reaching the decision not to veto; it may not engage in a far-ranging exposé on why it chose not to invoke 404(c). See AT & T Info. Sys., Inc. v. Gen. Servs. Admin., 810 F.2d 1233, 1236 (D.C. Cir. 1987) (post hoc rationalizations may not contain new information beyond administrative record). Welsh's post hoc rationalization, lacking any record support, cannot withstand APA review.

At a minimum, EPA must produce all documents related to the statements and reasons set forth in the declaration. "To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case, and so the APA requires review of 'the whole record.'" Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984). Alternatively, Plaintiffs and Plaintiff-Intervenors should be permitted to engage in discovery, including deposing Welsh on the statements in his declaration and obtaining documents relating to EPA's decision not to veto under § 404(c). See Citizens to Preserve Overton Park, 401 U.S. at 420 ("[I]t may be that the only way there can be effective judicial review is by examining the decisionmakers themselves."); Tex. Med. Ass'n v. Mathews, 408 F. Supp. 303, 305 (W.D. Tex.

---

[3] The cases EPA relies on in support of the declaration are inapposite and distinguishable. See S.F. BayKeeper v. Whitman, 297 F.3d 877, 886 (9th Cir. 2002) (no final agency action to review); Women Involved in Farm Econ. v. U.S. Dep't of Agric., 876 F.2d 994, 998 (D.C. Cir. 1989) (involves the unusual circumstance of a twenty-year-old administrative decision and considers the admissibility of post hoc representations by *counsel*); Partlo v. Johanns, Civ. Nos. 04-1462 & 04-1779, 2006 WL 1663380, *9 (D.D.C. June 11, 2006) (hundreds of pages of an administrative record on file against which the post hoc declaration could be evaluated).

1976) (reviewing documents procured during discovery, deposition testimony, and trial testimony where "no formal contemporaneous administrative record" existed).

    The Tribe concurs in all arguments set forth by Plaintiffs Alliance to Save the Mattaponi et al. and respectfully requests that this Court grant the Tribe's Motion to Compel by ordering EPA to produce the agency record in this matter.

                          Respectfully Submitted,

                          /s/ Hope M. Babcock
Hope M. Babcock, Senior Attorney
(Fed/D.C. Bar No. 14639)
Melanie Kleiss Boerger, Staff Attorney
(admitted *pro hac vice*)
Institute for Public Representation
600 New Jersey Avenue, NW, Suite 312
Washington, D.C.  20001
(202) 662-9535
(202) 662-9634 (Facsimile)

*Counsel for the Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this day, October 15, 2007, I caused to be served a true and correct copy of the foregoing Plaintiff-Intervenors' Reply to United States Environmental Protection Agency's Opposition to Motion to Compel Agency Record by first class mail, postage prepaid, properly addressed to the following counsel:

Jon A Mueller
Chesapeake Bay Foundation, INC.
6 Herndon Ave.
Annapolis, MD 21403

George A. Somerville
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122

M. Scott Hart
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462

                     /s/ Melanie Kleiss Boerger
                     Melanie Kleiss Boerger