IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALLIANCE TO SAVE THE MATTAPONI, et al. ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES ARMY CORPS OF ENGINEERS, et al. ) ) ) Defendants. ) ) ) | No. 06-1268 (FJS/JMF) |

## JOINT STATUS REPORT

In preparation for the status conference set in this matter for October 20, 2011, the undersigned parties submit the following joint status report. As is discussed more fully below, this matter has been resolved on the merits. The only issue remaining for resolution is the amount of fees to be paid to plaintiffs Alliance to Save the Mattaponi, et al. ("Alliance") and plantiff-intervenors Mattaponi Indian Tribe, et al. ("Tribe;" collectively the Alliance and the Tribe are referred to herein as "plaintiffs"), an issue that has been fully briefed and is currently pending before Magistrate Judge Facciola.

In this matter, plaintiffs challenged a permit issued by the Corps of Engineers pursuant to Section 404 of the Clean Water Act, 33 U.S.C. § 1344, authorizing construction of the King William Reservoir near Newport News, Virginia.[1] Plaintiffs also argued that the United States Environmental Protection Agency should have exercised its discretionary authority to "veto" the Permit pursuant to Section 404(c) of the Act, 33 U.S.C. § 1344(c). The case was fully resolved

---

[1] The City of Newport News intervened as a defendant. See Dkt No. 5 (Sept. 1, 2006) (order granting motion to intervene). Given that plaintiffs' fee claim lies only against the United States, Newport News has not participated further in this matter following the resolution on the merits.

on the merits on cross-motions for summary judgment, both of which were granted in part and denied in part.  See Alliance to Save the Mattaponi et al. v. U.S. Army Corps of Engineers, 606 F. Supp. 2d 121, 141 (D.D.C. 2009).  Plaintiffs thereafter petitioned for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), which provides in pertinent part that a court shall award fees to a "prevailing party" in an action "for judicial review of agency action" by the United States, "unless the court finds that the position of the United States was substantially justified."[2]  The United States opposed plaintiffs' fee petitions, arguing that (1) the position of the United States was "substantially justified," and thus plaintiffs are not entitled to any fees, and (2) even if plaintiffs are entitled to fees, the amounts claimed were excessive.[3]

The Court referred the fee motion to Magistrate Judge John M. Facciola.  See Dkt No. 113.  On August 31, 2010, Magistrate Judge Facciola entered a Report and Recommendation recommending that the Court find that the position of the United States was not substantially justified, and that plaintiffs should be awarded attorneys' fees and costs.  See Dkt No. 117 ("August 31 Report") at 25.  The August 31 Report did not address the amount of fees to be awarded, recommending that this issue be determined by the Magistrate Judge without any further briefing following the Court's action on the Report and Recommendation.  Id. at 24-25.

The United States filed objections to the August 31 Report.[4]  On September 13, 2011, the Court entered an order adopting the August 31 Report in substantial part, and granting in part and denying in part plaintiffs' motion for fees and costs.  Dkt. No. 122 ("Sept. 13 Order").  As proposed in the August 31 Report, the Court resubmitted the matter to Magistrate Judge Facciola for a Report and Recommendation as to the amount of fees and costs to be awarded.  See Sept.

---

[2] See Dkt Nos. 103, 106, 107, 111 (Alliance briefs on original and supplemental fee petitions); Dkt Nos. 101, 105, 108, 112 (Tribe briefs on original and supplemental fee petitions).
[3] See Dkt Nos. 104, 110.
[4] See Dkt Nos. 118, 119, 120 (United States' objections and plaintiffs' responses).

13 Order at 13. Consistent with the August 31 Report, the parties do not anticipate submitting any further briefs prior to Judge Facciola's further Report and Recommendation.

If this report provides the Court with sufficient information concerning the status of this matter, the parties have no objection to striking the Oct. 20 status conference.

Dated: October 6, 2011 　　　　　　　　　Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Angeline Purdy*

Angeline Purdy
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986
Phone: (202) 514-0996
Fax:  (202) 514-8865
Email: angeline.purdy@usdoj.gov
*Counsel for EPA*


/s/ Deborah M. Murray
Deborah M. Murray (D.C. Bar. 362563)
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA 22902
434.977.4090
dmurray@selcva.org
*Counsel for the Alliance to Save the Mattaponi, et al.*


/s/ *Jon A. Mueller*
Jon A. Mueller (Bar # 17142)
Chesapeake Bay Foundation
6 Herndon Avenue
Annapolis, MD 21403

Telephone: (410) 268-8816
Fax: (410) 268-6687
Email: Jmueller@cbf.org
*Counsel for Chesapeake Bay Foundation, Inc.*


/s/ *Margie Sollinger*
Margie Sollinger (DC Bar No. 976308)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Ave., Suite 312
Washington, DC  20001
(202) 662-9546
mjs289@law.georgetown.edu

Hope M. Babcock (D.C. Bar No. 14639)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW, Suite 312
Washington, D.C. 20001
(202) 662-9535 (Phone)
(202) 662-9634 (Fax)
babcock@law.georgetown.edu

*Counsel for the Mattaponi Indian Tribe and Chief Carl T. Lone Eagle Custalow*